**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| **BRITTANY MICHELLE WATT, on behalf of herself and all others similarly situated,**<br><br>               **Plaintiff,**<br>   **-against-**<br><br>**FOX RESTAURANT VENTURE, LLC, and FOX NC ACQUISITION, LLC and FOX SC ACQUISITION, LLC,**<br><br>               **Defendants.** | Case No. _____<br><br><br><br>**COLLECTIVE ACTION**<br>**VERIFIED COMPLAINT** |

Plaintiff BRITTANY MICHELLE WATT, individually and on behalf of all others similarly situated, by her attorneys, Foote, Mielke, Chavez & O'Neil, LLC, Outten & Golden, LLP, Werman Salas, P.C., Landskroner Grieco Merriman, LLC, Myron M. Cherry & Associates, LLC, Shavitz Law Group, P.A., and Klafter Olsen & Lesser, LLP, upon personal knowledge as to herself, and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1.      This action seeks to recover unpaid overtime compensation under the Fair Labor Standards Act ("FLSA") for Plaintiff and other current and former Assistant Managers or Assistant Store Managers (collectively, "ASMs"), who worked more than 40 hours in any workweek at any Jimmy John's store owned by Franchisee, as defined herein, in the United States between April 27, 2014, and the date of judgment in this matter, who elect to opt into this action pursuant to 29 U.S.C. § 216(b) of the FLSA.

## THE PARTIES

2.      Plaintiff Brittany Michelle Watt ("Plaintiff") is a resident of Bloomington, IN.

1

3. Defendant Fox Restaurant Venture, LLC is an Indiana company whose principal office is located at 1909 Fox Dr. Champaign, IL 61820.

4. Defendant Fox NC Acquisition LLC is an Illinois company whose principal office is located at 1909 Fox Dr. Champaign, IL 61820.

5. Defendant Fox SC Acquisition, LLC is an Illinois company whose principal office is located at 1909 Fox Dr. Champaign, IL 61820.

6. Fox Restaurant Venture, LLC, Fox NC Acquisition LLC and Fox SC Acquisition LLC (referred to collectively as, "Defendants") all operate as Jimmy John's franchise restaurants.

7. Defendants own and operate Jimmy John's franchised locations under one or more franchise agreements with Jimmy John's Franchise, LLC.

8. Plaintiff worked for Defendants as an ASM from approximately 2014 through March 2015, at a Bloomington, IN store owned by Defendants.

9. Plaintiff is a covered employee under the FLSA.

10. Defendants were Plaintiff's employer under the FLSA.

## JURISDICTION & VENUE

11. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

12. Venue is proper in this district because Defendants conduct business in this district and a substantial part of the events giving rise to the claims occurred in this district.

13. Defendants are subject to personal jurisdiction in this district.

## FLSA COLLECTIVE ACTION ALLEGATIONS

14. Pursuant to 29 U.S.C. § 216(b), Plaintiff seeks to prosecute her FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants as

ASMs at any time from April 27, 2014, to the entry of judgment in this case (the "Collective Action Period") (collectively, the "Collective Action Members").

15.    Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and other ASMs.

16.    There are many similarly-situated current and former ASMs who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.  Thus, notice should be sent to the Collective Action Members pursuant to 29 U.S.C. § 216(b).

17.    The similarly situated employees are known to Defendants, are readily-identifiable and can be located through Defendants' records.

## STATEMENT OF FACTS

18.    Defendants employed Plaintiff and the Collective Action Members as ASMs.

19.    Defendants maintained control, oversight, and discretion over the operation of all of their restaurants, including their employment practices with respect to the ASMs.

20.    Plaintiff's and the ASMs' work was performed in the normal course of Defendants' business and was integrated into it.

21.    Consistent with the Defendants' policy, pattern and/or practice, Plaintiff and ASMs regularly worked in excess of 40 hours per workweek without being paid overtime wages, in violation of the FLSA. Plaintiff worked an average of 70 hours per workweek. Plaintiff sometimes worked 75 hours per workweek.

22.    All of the work that the ASMs performed was assigned by Defendants, and/or Defendants were aware of all of the work that they have performed.

23.    The work that ASMs performed as part of their primary duty required little skill

and no capital investment.

24.     The work that ASMs performed as part of their primary duty did not include managerial responsibilities or the exercise of meaningful independent judgment and discretion.

25.     Regardless of the store at which they worked, ASMs' primary job duties included:

      a.      Preparing food;
      b.      Helping customers;
      c.      Bussing tables;
      d.      Cleaning the restaurant;
      e.      Checking to make sure that supplies were properly shelved; and
      f.      Checking inventory.

26.     Regardless of the store at which they worked, ASMs' primary job duties did not include:

      a.      Hiring;
      b.      Firing;
      c.      Disciplining other employees;
      d.      Scheduling;
      e.      Supervising and delegating; or
      f.      Exercising meaningful independent judgment and discretion.

27.     ASMs' primary duties were manual in nature.  The performance of manual labor duties occupied the majority of their working hours.

28.     Pursuant to a centralized, company-wide policy, pattern and/or practice, Defendants have classified all ASMs as exempt from coverage of the overtime provisions of the FLSA.

29.     Upon information and belief, Defendants did not perform a person-by-person analysis of the ASMs' job duties when making the decision to classify them (and other similarly-situated current and former employees holding comparable positions but different titles) as exempt from the overtime provisions of the FLSA.

30.     Defendants' unlawful conduct was willful and/or in reckless disregard of the

applicable wage and hour laws and was undertaken pursuant to Defendants' centralized, company-wide policy, pattern, and/or practice of attempting to minimize labor costs by violating the FLSA. Defendants knew that ASMs were not performing activities that complied with any FLSA exemption and, inasmuch as Defendants' close affiliation with substantial corporate entities make it aware of its obligations under the FLSA, it acted willfully or recklessly in failing to classify Plaintiff and other ASMs as non-exempt employees.

31.     Defendants were aware or should have been aware, through their management-level employees, that ASMs were primarily performing non-exempt duties. Defendants knew or recklessly disregarded the fact that the FLSA required them to pay employees primarily performing non-exempt duties an overtime premium for hours worked in excess of 40 per workweek.

32.     Accordingly, Defendants' unlawful conduct was willful and/or in reckless disregard of the applicable wage and hour laws and undertaken pursuant to Defendants' centralized, company-wide policy, pattern, and/or practice of attempting to minimize labor costs by violating the FLSA.

33.     As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA with respect to ASMs. This policy and pattern or practice includes but it is not limited to:

      a.    Willfully misclassifying Plaintiff and the Collective Action Members as exempt from the requirements of the FLSA;

      b.    Willfully failing to pay Plaintiff and the Collective Action Members overtime wages for hours that they worked in excess of 40 hours per week; and

c. Willfully failing to provide enough money in its restaurant-level labor budgets for its non-exempt employees to perform their duties and responsibilities, forcing its exempt ASMs to perform such non-exempt tasks.

34. Defendants' willful violations of the FLSA are further demonstrated by the fact that during the course of the Collective Action Period and continuing to the present, Defendants failed to maintain accurate and sufficient time records for Plaintiff and the Collective Action Members. Defendants acted recklessly or in willful disregard of the FLSA by instituting a policy and/or practice that did not allow Plaintiff and the Collective Action Members to record all hours worked.

**FIRST CAUSE OF ACTION**

**Fair Labor Standard Act – Unpaid Overtime Wages**
**On Behalf of Plaintiff Brittany Michelle Watt and the FLSA Collective**

35. At all relevant times, Defendants have been, and continue to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

36. At all relevant times, Defendants employed Plaintiff, and employed or continues to employ each of the Collective Action Members, within the meaning of the FLSA.

37. Defendants have engaged in a widespread pattern and practice of violating the FLSA, as detailed in Collective Action Complaint.

38. Plaintiff, and those similarly situated, consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b). See *Group Exhibit A*.

39. The overtime wage provisions set forth in 29 U.S.C. § 201 *et seq.*, apply to Defendants.

40.    At all relevant times and continuing to the present time, Defendants had a policy and practice of refusing to pay overtime compensation to its ASMs and similarly-situated employees in comparable positions but holding different titles, for hours worked in excess of 40 hours per workweek.

41.    As a result of Defendants' willful failure to compensate their employees, including Plaintiff and the Collective Action members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendants have violated and continue to violate the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

42.    As a result of Defendants' willful failure to record, report, credit and/or compensate their employees, including Plaintiff and the Collective Action Members, Defendants have failed to make, keep and preserve records with respect to each of their employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

43.    As a result of Defendants' policy and practice of minimizing labor costs by underfunding the labor budgets for their restaurants, Defendants knew or recklessly disregarded the fact that Plaintiff and the Collective Action Members were primarily performing manual labor and non-exempt tasks.

44.    Due to Defendants' failure to provide enough labor budget funds, failure to take into account the impact of the underfunded labor budgets on the job duties of Plaintiff and the Collective Action Members, Defendants' actual knowledge through their managerial employees/agents that the primary duties of the Plaintiff and the Collective Action Members was manual labor and included other non-exempt tasks, Defendants' failure to perform a person-by-

7

person analysis of Plaintiff's and the Collective Action Members' job duties to ensure that they were performing exempt job duties, Defendants' instituting a policy and practice that did not allow Plaintiff and Collective Action Members to record all hours worked, and Defendants' failure to post or keep posted a notice explaining the minimum wage and overtime wage requirements, Defendants knew and/or showed reckless disregard that its conduct was prohibited by the FLSA. 29 U.S.C. § 255(a).

45. As a result of Defendants' FLSA violations, Plaintiff, on behalf of herself and the Collective Action Members, is entitled (a) to recover from Defendants unpaid overtime wages, (b) to recover an additional, equal amount as liquidated damages for Defendants' willful violations of the FLSA, and (c) to recover their unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

46. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255.

## PRAYER FOR RELIEF

Therefore, Plaintiff seeks the following relief on behalf of herself and all others similarly-situated:

A. Designation of this action as an FLSA collective action on behalf of the Collective Action Members and prompt issuance of notice to all similarly-situated persons, apprising them of the pendency of this action, permitting them to join this action pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

B. An award of unpaid wages for all hours worked in excess of 40 in a workweek at a rate of time and one-half of the regular rate of pay due under the FLSA, using the following methodology for calculating damages: ((Annual Salary ÷ 52) ÷ 40) x

Total Number of Overtime Hours Worked x 1.5;

C.      Equitable tolling of the FLSA statute of limitations as a result of Defendants' failure to post requisite notices under the FLSA;

D.      An injunction requiring Defendants to cease their unlawful practices;

E.      An award of liquidated damages as a result of Defendants' willful failure to pay for all hours worked in excess of 40 in a workweek at a rate of time and one-half of the regular rate of pay pursuant to 29 U.S.C. § 216;

F.      An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

G.      An award of prejudgment and post-judgment interest;

H.      An award of costs and expenses of this action together with reasonable attorney's fees and expert fees and an award of a service payment to the Plaintiff; and

I.      Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated: April 28, 2017          Respectfully submitted,

/s/ Elizabeth C. Chavez

**FOOTE, MIELKE, CHAVEZ & O'NEIL, LLC**
Elizabeth C. Chavez, Esq. (#6323726)
Kathleen Currie Chavez, Esq.
Matthew Herman, Esq.
10 West State Street
Suite #200
Geneva, IL 60134
Tel: (630) 232-7450
Facsimile: (630) 232-7452

**SHAVITZ LAW GROUP, P.A.**
Gregg I. Shavitz (to seek *pro hac vice* admission)
Alan Quiles (to seek *pro hac vice* admission)
1515 S. Federal Highway
Boca Raton, Florida 33432
Telephone: (561) 447-8888
Facsimile: (561) 447-8831

**OUTTEN & GOLDEN, LLP**
Justin M. Swartz (to seek *pro hac vice* admission)
Michael N. Litrownik (to seek *pro hac vice* admission)
3 Park Avenue
29th Floor
New York, New York 10016
Telephone: (212) 245-1000
Facsimile: (212) 977-4005

**WERMAN SALAS, P.C.**
Douglas M. Werman (to seek *pro hac vice* admission)
77 West Washington Street
Suite 1402
Chicago, IL 60602
Telephone: (312) 419-1008
Facsimile: (312) 419-1025

**LANDSKRONER GRIECO MERRIMAN, LLC**
Drew Legando (to seek *pro hac vice* admission)
Jack Landskroner (to seek *pro hac vice* admission)
1360 West 9th Street
Suite 200
Cleveland, Ohio 44113
Telephone: (216) 522-9000
Facsimile: (216) 522-9007

**MYRON M. CHERRY & ASSOCIATES, LLC**
Myron M. Cherry (to seek *pro hac vice* admission)
30 North LaSalle Street
Suite 2300
Chicago, IL 60602
Telephone: (312) 372-2100
Facsimile: (312) 853-0279

**KLAFTER OLSEN & LESSER, LLP**

Seth R. Lesser (to seek *pro hac vice* admission)
Fran L. Rudich (to seek *pro hac vice* admission)
Jason Conway (to seek *pro hac vice* admission)
Christopher M. Timmel (to seek *pro hac vice* admission)
Two International Drive
Suite 350
Rye Brook, NY 10573
Telephone: (914) 934-9200
Facsimile: (914) 934-9220

***Attorneys for Plaintiff and the Putative Collective***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 28, 2017, I electronically filed the foregoing document with the clerk of court for the U. S. District Court, Northern District of Illinois, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

/s/Elizabeth C. Chavez       

## VERIFICATION

I, BRITTANY WATT, hereby state that I am a Plaintiff in this action. I have read the foregoing Complaint, and verify that the allegations contained herein are true and accurate to the best of my knowledge and belief. I consent to be a party in the lawsuit against Defendant, "Fox Restaurant Venture, LLC," "Fox NC Acquisitions, LLC," "Fox SC Acquisitions, LLC," and/or all related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).


BRITTANY WATT

Dated: April 27, 2017