UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| BRITTANY MICHELLE WATT,<br>JAMES E. KIRKPATRICK, Jr., and<br>PAUL ROWLAND, individually<br>and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>FOX RESTAURANT VENTURE, LLC.,<br>FOX NC ACQUISITION, LLC, and FOX SC<br>ACQUISITION, LLC,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 17-cv-2104<br>)<br>)<br>)<br>)  COLLECTIVE ACTION<br>)  COMPLAINT<br>)<br>)<br>) |

## MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION AND COURT-AUTHORIZED NOTICE TO POTENTIAL CLASS MEMBERS

NOW COME the Defendants, FOX RESTAURANT VENTURE, LLC, FOX NC ACQUISITION, LLC and FOX SC ACQUISITION, LLC, by and through their attorney Lorna K. Geiler of Meyer Capel, A Professional Corporation, and provide their Memorandum in Opposition to Plaintiffs' Motion for Conditional Certification and Court-Authorized Notice to Potential Class Members.

### Introduction

In the Motion for Conditional Certification and Court-Authorized Notice to Potential Class Members and Incorporated Memorandum of Law ("Motion for Conditional Certification,") Plaintiffs incorrectly interpret the "modest factual showing" standard as a no factual showing standard.  When the facts before this Court are scrutinized, it is clear the Plaintiffs have failed to provide any basis for finding that the class they propose would be made up of similarly situated individuals.

Additionally, in the Motion for Conditional Certification, Plaintiffs ask this Court to effectively ignore the clear and unambiguous statute of limitations applicable to this matter and equitably toll the limitations period. Yet, the Plaintiffs' stated basis for equitable tolling does not provide a sufficient reason for departing from the clear mandate of the Fair Labor Standards Act (the "Act.")

For the reasons stated below, this Court should deny the Plaintiffs' Motion for Conditional Certification, or alternatively, appropriately limit any period of equitable tolling of the statute of limitations and revise the Plaintiffs' proposed notice as detailed below.

**Argument**

1.  <u>Plaintiffs' Have Failed to Establish That Their Proposed Class is Similarly Situated</u>

The Act provides that an employee may bring an action thereunder on "behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). At the conditional certification stage, Plaintiffs bear the burden of establishing that their proposed class is "similarly situated." *Molina v. First Line Sols. LLC*, 566 F. Supp. 2d 770, 785 (N.D. Ill. 2007). Moreover, "plaintiffs cannot rely on their allegations alone to make the required modest factual showing." *Id.* at 566 F. Supp. 2d at 786. Although the standard for satisfying their burden proof at the conditional certification stage is lenient, the law "still requires at least '<u>substantial allegations</u> that the putative class members were together the victims of a <u>single decision, policy, or plan</u> infected by discrimination.'" *H & R Block, Ltd. v. Housden*, 186 F.R.D. 399, 400 (E.D. Tex. 1999) [emphasis added.] Conclusory allegations are insufficient. *See*, *O'Donnell v. Robert Half Int'l, Inc.*, 534 F. Supp. 2d 173, 179 (D. Mass. 2008) ("Plaintiffs must present information, i.e., more than speculation or bald assertions by the plaintiffs.")

In *Jonites v. Exelon Corp.*, 522 F.3d 721, 725 – 726 (7th Cir. 2008), the court rejected a collective action under the Act, finding that the plaintiff class was "hopelessly heterogeneous," and noted that filing a collective action "suggests that they have no stomach for proceeding case by case." Similarly, in *Alvarez v. City of Chicago*, 605 F.3d 445, 450 (7th Cir. 2010) the Seventh Circuit noted that more "tailored classes" or individual claims may be more efficient.

Regarding the standard on a motion for conditional certification, the court in *Ruiz v. Serco, Inc.*, 10-CV-394-BBC, 2011 WL 7138732, at *6 (W.D. Wis. Aug. 5, 2011) aptly explained:

> Although "[t]he requirements of conditional certification are lenient," *Witteman v. Wisconsin Bell*, 2010 WL 446033, *1 (W.D.Wis. Feb. 2, 2010), plaintiffs have not provided enough evidence to satisfy their burden at this stage. The Supreme Court's recent decision in *Wal–Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2551 (2011) is instructive on this point. Although collective actions under the FLSA are not subject to the provisions generally associated with class actions under Fed.R.Civ.P. 23 (such as numerosity, commonality and typicality), the Court's discussion of the propriety of class actions generally provides guidance in deciding when certification of a collection action under the FLSA is appropriate. In *Dukes*, the Court noted that "[w]hat matters to class certification ... is not the raising of common 'questions—even in droves—but, rather the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation. Dissimilarities within the proposed class are what have the potential to impede the generation of common answers." *Id.* (emphasis in original; internal citations omitted). <u>Thus, it is not enough for plaintiffs to raise a common question as to whether they and other employees with some similar job duties were properly classified as exempt</u>. Rather, the answer to that question must be susceptible to proof that can be extrapolated to the class plaintiffs seek to represent. In this case, it would be difficult to generate common answers in light of the individualized inquiries arising from the wide variations in duties, experience, responsibility, discretion and supervisors on the part of the potential class members. [Emphasis added.]

3

In the present case, it is unrebutted that the three defendants are separate and distinct legal entities which control their own individual work rules and conditions of employment, including compensation, benefits, and hours.  (*See*, Motion to Dismiss for Failure to State a Claim, filed February 19, 2018 [Doc. #11] at Exhibits 1, 2, & 3.)

In the declarations attached to the Motion for Conditional Certification, the Plaintiffs merely assert facts regarding their own individual work with a single defendant.  (*See*, Motion for Conditional Certification at Exhibits B – E.)  Although Plaintiffs attempt to make limited assertions aimed at showing that there is a class of similarly situated plaintiffs, the averments in the declarations fall far short of supporting conditional certification.

In the Declaration of Brittany Michelle Watt (Exhibit B), the declarant only asserts that there is some common ownership between the Defendants (¶ 3,) but fails to make any allegation that there is any uniform policy in place between the Defendants in relation to classification of employees, method of wage payment, hours, or overtime.

In the Declaration of Paul Rowland (Exhibit C) there are only statements related to his own individual situation.  Although the Declaration of Paul Rowland alleges that the Defendants "worked closely" and shared audit scores and open/closing procedures, it must be noted that the Declaration in devoid of any assertion of a uniform policy in place between the Defendants in relation to classification of employees, method of wage payment, hours, or overtime.  Simply stated, the issue before this Court is not whether the three Defendants made sandwiches in the same way or opened or closed their operations the same on a daily basis.  To the contrary, the issue is whether any assistant managers were incorrectly classified as overtime exempt, and therefore, should have been paid overtime.

This same flaw is present as to the Declaration of James E. Kirkpatrick, Jr. (Exhibit D), which contains only statements as to his own individual employment with Fox NC Acquisition. While Kirkpatrick states his opinion in Paragraph 8 that he believes that others should be allowed to opt-in and that the Defendants utilized similar policies, procedures, operations standards and goals, and shared manuals and documents, once again, the Declaration fails to attest to any uniform policy in place between the Defendants in relation to classification of employees, method of payment, hours, or overtime.

Finally, the Declaration of Richard Peterson contains solely assertions as to the declarant's own employment – containing no assertions as to any similarity between the Defendants.

When scrutinizing the Plaintiffs' arguments and Declarations it must not be overlooked that this suit was brought to address their claims that they were miscategorized as overtime exempt and were not paid overtime. However, the Plaintiffs have failed to provide any factual support for their claim of similarity, much less, substantial allegations that they were together the victims of a single decision, policy, or plan. *Accord*, *H & R Block*.

Clearly, the Plaintiffs have failed to provide any evidence which would support conditional certification of a class of employees from all three Defendants in relation to classification of employees, method of payment, hours, or overtime. Frankly, when the Plaintiffs' Declarations are analyzed it is clear they failed to establish there was a uniform policy in place within each separate Defendant in relation to classification of employees, method of payment, hours, or overtime. Certainly, allegations and assertions regarding similarities in job duties or functions is not equivalent to proving a uniform policy as to overtime.

In this case, the Plaintiffs cannot rely solely on the allegations in their Amended Complaint to show substantial similarity. Further, as noted above, it is clear the Declarations attached to the Motion for Conditional Certification fail to contain any allegations which would establish any uniform policy or practice as to the overtime issues which are the subject of this litigation. Therefore, this Court should deny the Plaintiffs' Motion for Conditional Certification.

2.      No Basis to Equitably Toll Statute of Limitations

Should this Court allow conditional certification, despite the arguments above, the next issue to be addressed under the Motion for Conditional Certification is the Plaintiffs' request for equitable tolling. The statute of limitations applicable to this suit is 29 U.S.C. § 255(a) – two years after the cause of action accrued, or three years in the event of a willful violation. This statutory mandate is clear and unambiguous.

Seeking to avoid the clear statute of limitations, Plaintiffs have requested that the statute of limitations be tolled from the date of filing of the original complaint in this matter. (Motion for Conditional Certification at page 11.) Equitable tolling is only proper in rare and exceptional circumstances. *See*, *Curless v. Great Am. Real Food Fast, Inc.*, 280 F.R.D. 429, 435 (S.D. Ill. 2012). The Supreme Court in *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S. Ct. 453 (1990) explained that:

> Federal courts have typically extended equitable relief <u>only sparingly</u>. We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or <u>where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass</u>. [Footnotes omitted and emphasis added.]

In addition to equitable tolling being an exceptional remedy that should only be granted sparingly, other courts have pointed out that:

> In contrast to a class action lawsuit brought under Federal Rule of Civil Procedure 23, the <u>named plaintiffs in an FLSA collective action do not represent anyone other than themselves</u>. Accordingly, the named plaintiffs <u>have no authority to move to equitably toll the claims of the potential opt-in plaintiffs</u>. *See Jesiek v. Fire Pros, Inc.*, No. 1:09–cv–123, 2011 WL 2457311, at ––––1–2 (W.D.Mich. June 16, 2011) (holding that a motion for equitable tolling, purporting to seek relief on behalf of plaintiffs who had not yet appeared, was premature, given that named plaintiffs had no need for equitable tolling of their own claims, and had no personal interest in the outcome of the motion).
> <u>Moreover, because the potential opt-in plaintiffs do not become parties to the lawsuit until they file their consent forms with the court, the court lacks jurisdiction to grant them equitable relief</u>. *See United States v. Cook*, 795 F.2d 987, 994 (Fed.Cir.1986) (holding that because potential opt-in plaintiffs in FLSA case were not yet before the court, the order purporting to toll the statute of limitations on their claims was an impermissible advisory opinion and must be vacated as prematurely issued). [Emphasis added.]
> *Atkinson v. TeleTech Holdings, Inc.*, 3:14-CV-253, 2015 WL 853234, at *8 (S.D. Ohio Feb. 26, 2015).

In this case, equitable tolling should be denied because the named Plaintiffs simply do not have standing to move for equitable tolling on behalf of any potential opt-in plaintiffs. Moreover, it is clear that this Court cannot grant equitable relief to individuals which are not yet before the Court. Accordingly, this Court should deny the request for the exceptional remedy of equitable tolling of the statute of limitations.

Alternatively, Plaintiffs have not argued, and cannot argue, that Defendants have engaged in any conduct which induced or tricked the Plaintiffs or any potential opt-in plaintiffs into delaying pursuing any rights under the Act. Instead, the only basis for equitable tolling argued by the Plaintiffs is the anti-suit injunction which was ordered by the Northern District of Illinois in *In re Jimmy John's Overtime Litigation* (No. 14-5509) on May 9, 2017. However, a stay was not issued in this Court until June 23, 2017 and was lifted on January 24, 2018 – a period of

7

approximately seven months. Despite the stay being lifted in January, Plaintiffs' did not bring their request for equitable tolling until May 7, 2018.

Thus, should this Court decide – despite the lack of standing and lack of jurisdiction noted above – that equitable tolling is appropriate, any period of tolling must be limited to solely the seven-month period during which this matter was stayed.

Accordingly, this Court should deny the Plaintiffs' request for equitable tolling, or in the alternative, limit the period of any tolling to solely the seven-month period during which this matter was stayed.

3. <u>Social Security Numbers and Limitation on Use of Telephone Numbers</u>

On page 13 of the Motion for Conditional Certification, Plaintiffs' request, *inter alia*, that Defendants disclose the last known telephone numbers of potential opt-in plaintiffs. In *Russell v. Illinois Bell Tel. Co.*, 575 F. Supp. 2d 930, 939 (N.D. Ill. 2008), the defendant objected to the disclosure of telephone numbers and argued that "the Illinois Rules of Professional Conduct prohibit direct telephone solicitation of potential clients." (*See*, Illinois Rules of Professional Conduct, Rule 7.3.) While the court in *Russell* held that a plaintiff's "interest in locating and contacting similarly situated employees outweighs the limited privacy interests in a home telephone number," and ordered disclosure of the telephone numbers, it also issued a protective order limiting the use of telephone numbers "only for the purpose of locating the current addresses of any notice recipients whose notices are returned or otherwise undelivered." *Id.*

Further, the court in *Russell* reasoned that it was "unpersuaded that the partial Social Security numbers that Russell seeks are either necessary or particularly helpful, and as a result it will not require Illinois Bell to disclose that information." *Id.* at 575 F. Supp. 2d at 940.

For the reasons stated above, should this Court grant conditional certification, the Plaintiffs' request for partial social security numbers of potential opt-in plaintiffs should be denied, and a protective order should be entered limiting the Plaintiffs' use of any phone numbers to solely the purpose of locating the current addresses of any notice recipients whose notices are returned or otherwise undelivered.

4.  Proposed Notice Periods Should Be Limited

On page 13 of the Motion for Conditional Certification the Plaintiffs, without citation to any authority, propose a ninety-day notice period with a reminder form sent out at fifty-days. Courts typically hold that a thirty to sixty-day notice period is adequate. *See e.g.*, *Williams v. Long*, 585 F. Supp. 2d 679, 692 (D. Md. 2008) (approving a thirty-day notice period); *Champneys v. Ferguson Enterprises, Inc.*, IP 02-535-C-H/K, 2003 WL 1562219, at *7 (S.D. Ind. Mar. 11, 2003) (approving a forty-five day notice period); and *Graham v. Jet Specialty, Inc.*, MO-15-CV-135-DAE, 2016 WL 154846, at *8 (W.D. Tex. Jan. 11, 2016), *report and recommendation adopted*, MO-15-CV-135-DAE, 2016 WL 7479956 (W.D. Tex. May 11, 2016) (approving sixty-day notice period.)

In this case, Plaintiffs fail to provide any basis for an extended notice period of ninety days. Further, this Court should acknowledge that, given the Northern District's case – *In re Jimmy John's Overtime Litigation* (No. 14-5509) – many employees working for Jimmy John's franchisees are already aware of the pendency of litigation of overtime pay. Moreover, a simple search on the internet for "Jimmy John's Overtime" reveals many websites which would inform any potential opt-in plaintiffs of the potential for litigation concerning overtime claims by employees of Jimmy John's franchisees. Accordingly, in this case, should this Court grant

9

conditional certification, it is clear that a thirty-day notice period is sufficient, and the Plaintiffs' request for a ninety-day notice period should be denied.

Similarly, Plaintiffs provide no basis for finding that reminder notices should be sent to potential opt-in plaintiffs after fifty-days. In *Witteman v. Wisconsin Bell, Inc.*, 09-CV-440-VIS, 2010 WL 446033, at *3 (W.D. Wis. Feb. 2, 2010), the court cogently held that "I agree that the reminder is unnecessary and potentially could be interpreted as encouragement by the court to join the lawsuit. The purpose of notice is simply to inform potential class members of their rights. Once they receive that information, it is their responsibility to act as they see fit." Similarly, in *Barnwell v. Corr. Corp. of Am.*, 08-2151-JWL, 2008 WL 5157476, at *6 (D. Kan. Dec. 9, 2008), the court rejected the request that reminder notices be sent out after the initial notice – reasoning that the initial "notice itself is adequate to advise potential class members of their right to opt-in as plaintiffs."

In the above captioned cause, there is simply no basis for ordering reminder notices to be sent to potential opt-in plaintiffs, while at the same time, there is a distinct danger that a reminder notice will be perceived as a judicial endorsement of the Plaintiffs' claims. Accordingly, this Court should reject the Plaintiffs' request that reminder notices should be sent out to potential opt-in plaintiffs.

## Conclusion

For the reasons stated above, it is clear that the Plaintiffs have failed to make any showing that conditional certification is appropriate. Therefore, this Court should deny the Plaintiffs' Motion for Conditional Certification.

Should this Court nevertheless grant conditional certification, the Plaintiffs request for equitable tolling must be denied, or alternatively, limited to solely the seven-month period during

which this case was stayed. Likewise, this court should reject the Plaintiffs' request for partial social security numbers and phone numbers, or alternatively, impose a protective order appropriately limiting the use of phone numbers provided. Finally, should this Court grant conditional certification the total notice period should be limited to thirty-days, and the Plaintiffs' request for reminder notices should be denied.

>
> Respectfully submitted,
> FOX RESTAURANT VENTURE, LLC,
> FOX NC ACQUISITION, LLC and
> FOX SC ACQUISITION, LLC, Defendants
> Respectfully submitted,
>
> By: **s/ Lorna K. Geiler**
> Lorna K. Geiler, No. 6192940
> Attorney for the Defendants
> Meyer Capel, A Professional Corporation
> 306 W. Church Street
> Champaign, IL 61820
> Telephone: (217) 352-1800
> Fax: (217) 352-1083
> lgeiler@meyercapel.com

**CERTIFICATE OF SERVICE BY ATTORNEY**

     In accordance with Fed.R.Civ.P. 5(a) and LR5.3(c) the undersigned attorney certifies that the foregoing **MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION AND COURT-AUTHORIZED NOTICE TO POTENTIAL CLASS MEMBERS** was filed with this Clerk of this Court by submission of the same via this Court's Electronic Case File System ("ECF") on May 21, 2018 and that notice of said electronic filing will automatically be transmitted by email to:

Elizabeth C. Chavez – ecc@fmcolaw.com
Kathleen C. Chavez - kcc@fmcolaw.com
Matthew J. Herman - mjh@fmcolaw.com
Seth Richard Lesser - slesser@klafterolsen.com
Fran L. Rudich - frudich@klafterolsen.com
Douglas M. Werman - dwerman@flsalaw.com

                        By:    **/s/ Lorna K. Geiler**
                                  Lorna K. Geiler, Bar#6192940
                                  Attorney for the Defendant
                                  Meyer Capel, A Professional Corporation
                                  306 W. Church St.
                                  Champaign, IL 61820
                                  Phone: (217) 352-1800
                                  Email: lgeiler@meyercapel.com