## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| BRITTANY MICHELLE WATT, | ) | |
| JAMES E. KIRKPATRICK, JR., | ) | |
| and PAUL ROWLAND, individually | ) | |
| and on behalf of all others | ) | |
| similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 17-cv-2104 |
| | ) | |
| FOX RESTAURANT VENTURE, | ) | |
| LLC, FOX NC ACQUISION, LLC, | ) | |
| and FOX SC ACQUISITION, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on the 29 U.S.C. § 216(b) Motion for Conditional Certification and Court-Authorized Notice to Potential Class Members (d/e 26) filed by Plaintiffs Brittany Michelle Watt, James E. Kirkpatrick, Jr., and Paul Rowland. In their Motion, Plaintiffs request that the Court conditionally certify this action for purposes of notice and discovery; order that judicial notice be sent to all putative collective members; approve the form

and content of Plaintiffs' proposed judicial notice and consent form; order Defendants to produce to Plaintiffs' counsel the contact information for each putative collective member; authorize a 90-day notice period for putative collective members to join the case; and equitably toll all putative collective members' statute of limitations as of three years from the date of filing of Plaintiffs' initial complaint or, in the alternative, three years from the filing of the motion to stay the proceedings.

Because Plaintiffs have made a modest factual showing that they and the putative collective members were victims of a common policy or plan that violated the law, the motion for conditional certification is granted. The Court will also equitably toll the statute of limitations from May 9, 2017 to December 14, 2017, a period of seven months and five days constituting the time the anti-suit injunction was in place. Finally, the Court approves Plaintiffs' proposed notice with the following amendments: (1) Defendants are not required to provide to Plaintiffs the last four digits of the social security numbers of putative collective members; (2) Defendants shall provide the last known telephone numbers of those individuals whose notices are returned or otherwise undelivered or

for any individuals for whom Defendants do not have a mailing address and Plaintiffs may only use those telephone numbers for the purpose of locating the current addresses of those individuals; and (3) Plaintiffs shall not send reminder notices after 50 days.

## I. BACKGROUND

Plaintiffs Brittany Michelle Watt, James E. Kirkpatrick, Jr., and Paul Rowland bring this Fair Labor Standards Act (FLSA) action on behalf of themselves and other similarly situated employees.  Plaintiffs allege that Defendants Fox Restaurant Venture, LLC, Fox NC Acquisition, LLC, and Fox SC Acquisition, LLC, all of whom are Jimmy John's franchisees, misclassified them and other assistant store managers as exempt from the FLSA's overtime provisions.

A detailed recitation of the procedural background of this and related cases is necessary to put some of the issues in context.  In 2014 and 2015, three plaintiffs who worked as assistant store managers filed FLSA lawsuits against Jimmy John's and/or specific Jimmy John's franchisees alleging that they were misclassified as exempt employees.  See In re Jimmy John's Overtime Litig., 877 F.3d 756, 758 (7th Cir. 2017).  Two cases were filed in the Northern

District of Illinois while the third case was transferred to the Northern District of Illinois from the Southern District of Ohio.  Id.

In 2015, two of the cases were consolidated and conditional certification of nationwide collective actions were granted in the consolidated case and the third case.  Id.  In 2016, the third case was consolidated with the other two cases.  Id.  Approximately 660 individuals joined the collective action.  Id. at 759.  Plaintiff Watt opted in to the Northern District collective action.  Defendants are not parties to the Northern District collective action.

After three of the Northern District opt-in plaintiffs filed collective action lawsuits against their franchisee employers in other federal district courts asserting the same misclassification claims, Jimmy John's moved in the Northern District court to enjoin those lawsuits until the claims against Jimmy John's were resolved in the Northern District action.  Id. at 759-60.  On March 9, 2017,the Northern District court orally granted the motion.  See In re Jimmy John's Overtime Litig., No. 14-cv-5509 (N.D. Ill.), Minute Entry  (d/e 485); see also id. Order (d/e 501) (written order entered March 27, 2017).  On March 28, 2017, the Northern District court entered an order allowing opt-in plaintiffs to seek

tolling and other relief in the foreign cases.  Id. Minute Entry (d/e 504).

On April 28, 2017, Plaintiff Watt filed this action against Defendants.  Attached to the Complaint were Consent to Join Forms executed by Paul Rowland and James E. Kirkpatrick Jr.

On May 9, 2017, the Northern District court extended the anti-suit injunction to additional lawsuits brought by opt-in plaintiffs, including this lawsuit brought by Plaintiff Watt.  In re Jimmy John's Overtime Litig., No. 14-cv-5509 (N.D. Ill), Motion (d/e 528) (motion to extend anti-suit injunction to Watt v. Fox Restaurant Venture, LLC, et al., No. 17-cv-02104 (C.D. Ill. Apr. 28, 2017); May 9, 2017 Minute Entry (d/e 532) (granting motion to extend).

On June 22, 2017, Plaintiff Watt and Defendants filed a joint motion to stay proceedings in this Court, asserting that the Northern District court had enjoined opt-in plaintiffs—including Plaintiff Watt—from continuing with any lawsuits against Jimmy John's franchisees until further order of the court but allowing those plaintiffs to seek tolling and other relief in the other cases.

Joint Mot., ¶¶ 1-6.  The Court granted the motion and stayed this case.  <u>See</u> June 23, 2017 Text Order (granting stay).

On December 14, 2017, the Seventh Circuit reversed the Northern District court's anti-suit injunction, finding the district court lacked the authority to enjoin the franchisee cases.  <u>In re Jimmy John's Overtime Litig.</u>, 877 F.3d at 769, 771 (also finding that, even if the district court had the authority, the court failed to analyze the traditional injunction factors and comply with Rule 65).  On January 23, 2018, Plaintiff Watt filed a motion to lift the stay (d/e 9) in this case in light of the Seventh Circuit's decision.  On January 24, 2018, the Court granted the motion and lifted the stay.

On March 19, 2018, Plaintiff Watt and the two individuals who had executed the Consent to Join Forms attached to the original Complaint, James E. Kirkpatrick, Jr. and Paul Rowland, filed an Amended Complaint (d/e 18).  A Consent to Join Form executed by Richard Peterson is attached to the Amended Complaint.

In the Amended Complaint, Plaintiffs allege that Defendants employed Plaintiffs and members of the FLSA collective as an employer, joint employer, or single employer.  Defendants subjected Plaintiffs to common employment practices in over 33 store

locations using nearly identical policies and procedures. Plaintiffs and other assistant store managers regularly worked in excess of 40 hours per workweek without being paid overtime wages. Plaintiffs allege that the work performed by assistant store managers did not include managerial responsibilities or the exercise of meaningful independent judgment and discretion but were manual in nature.

On April 16, 2018, Defendants filed an Answer and Affirmative Defenses (d/e 23). On April 23, 2018, Defendants filed Amended Affirmative Defenses (d/e 25) after obtaining leave of Court.

On May 7, 2018, Plaintiffs filed the motion for conditional certification at issue herein. Defendants filed a response (d/e 30), and Plaintiffs filed a reply (d/e 29). On November 7, 2018, U.S. District Judge Colin S. Bruce recused himself from participating in this matter, and the case was assigned to the undersigned judge. No discovery has been conducted in this case.

## II. THE FAIR LABOR STANDARDS ACT

Under the FLSA, employers must pay their employees overtime wages for each hour worked in excess of 40 hours per week. 29 U.S.C. § 207(a)(1). The FLSA contains several exemptions from this requirement, including the exemption for "any employee employed

in a bona fide executive, administrative, or professional capacity."
29 U.S.C. § 213(a)(1).  Congress has delegated the authority to
define the scope of the exemptions to the Secretary of Labor.  29
U.S.C. § 213(a)(1); <u>Kennedy v. Commonwealth Edison Co.</u>, 410 F.3d
365, 369 (7th Cir. 2005).  The Secretary of Labor's regulations
define the executive, administrative, and professional exemptions.
<u>See</u> <u>generally</u> 29 C.F.R. § 541.  Job title alone is insufficient to
establish an employee's exempt status.  29 C.F.R. § 541.2.  Instead,
whether an employee is exempt depends on whether the employee's
salary and duties meet the regulations.  <u>Id.</u>

In addition, employees may bring a collective action against an
employer to recover unpaid overtime compensation on behalf of
themselves and on behalf of other similarly situated employees.  29
U.S.C. § 216(b).  Unlike class actions under Federal Rule of Civil
Procedure 23(b), where potential plaintiffs are included in the class
unless they opt out, potential plaintiffs in FLSA collective actions
must affirmatively opt in to the suit.  <u>Alvarez v. City of Chi.</u>, 605
F.3d 445, 448 (7th Cir. 2010).

Moreover, under the FLSA, the statute of limitations continues
to run for each potential plaintiff until he or she opts in to the

lawsuit. 29 U.S.C. § 256; In re Jimmy John's Overtime Litig., 877 F.3d at 760 n.3.  The FLSA requires that an action "be commenced within two years after the cause of action accrued," unless the violation was willful, in which case a three-year statute of limitations applies.  29 U.S.C. § 255(a).  An FLSA lawsuit commences as to an individual claimant on: (1) the date the complaint was filed if the claimant is specifically named as a party in the complaint and he files his written consent to become a party plaintiff on such date; or (2) the date on which written consent is filed.  29 U.S.C. § 256.  Therefore, the filing of the lawsuit does not toll the statute of limitations for putative collective members until they file their own consents.

The statute of limitations in FLSA suits is not jurisdictional, and equitable tolling can be applied.  Bergman v. Kindred Healthcare, Inc., 949 F. Supp. 2d 852, 860 (N.D. Ill. 2013). Equitable tolling is warranted if the litigant establishes (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance prevented timely filing.  Knauf Insulation, Inc. v. Southern Brands, Inc., 820 F.3d 904, 908 (7th Cir. 2016).

## III. ANALYSIS

Plaintiffs request that the Court conditionally certify a collective, apply equitable tolling, and approve the sending of notice to the putative collective members.

## A.    Motion for Conditional Certification is Granted

The Seventh Circuit has not articulated the procedure for determining whether an FLSA lawsuit should proceed as a collective action.  North v. Bd. of Trs. of Ill. State Univ., 676 F. Supp. 2d 690, 694 (C.D. Ill. 2009).  However, most courts follow a two-stage process.  Id.

Under the first stage, referred to as the conditional certification stage or notice stage, the plaintiff must make a minimal showing that individuals in the potential class are similarly situated.  Jirak v. Abbott Labs., Inc., 566 F. Supp. 2d 845, 847 (N.D. Ill. 2008).  Because the parties have typically not engaged in discovery at this point, courts apply a lenient interpretation of the term "similarly situated" and require only a modest factual showing that the plaintiffs and potential class members were victims of a common policy or plan that violated the law.  See Briggs v. PNC Fin. Servs. Grp., Inc., No. 15-CF-10447, 2016 WL 1043429, at *2, *5

(N.D. Ill. March 16, 2016) (referring to stage one as the "pre-discovery, step one conditional certification stage"); <u>Smallwood v. Ill. Bell. Tel. Co.</u>, 710 F. Supp. 2d 746, 750 (N.D. Ill. 2010). A plaintiff can meet this modest factual showing by providing "some evidence in the form of affidavits, declarations, deposition testimony, or other documents to support a common policy that violated the law." <u>Pieksma v. Bridgeview Bank Mort. Co., LLC</u>, No. 15 C 7312, 2016 WL 7409909, at *1 (N.D. Ill. Dec. 22, 2016) (internal quotations omitted).

After the opt-in process and the completion of discovery, the Court proceeds to the second stage of the analysis. At stage two, the Court determines whether there is sufficient similarity between the named plaintiffs and the opt-in plaintiffs to allow the case to proceed on a collective basis. <u>Curless v. Great Am. Real Food Fast, Inc.</u>, 280 F.R.D. 429, 433 (S.D. Ill. 2012). If sufficient similarity is lacking, the Court can dismiss the opt-in plaintiffs' claims without prejudice. <u>Id.</u> In addition, at the second stage, the defendant can move to decertify the class or divide the class into subclasses. <u>Nehmelman v. Penn Nat'l Gaming, Inc.</u>, 822 F. Supp. 2d 745, 751 (N.D. Ill. 2011).

This case is at the first stage. At this stage, a plaintiff can show sufficient similarity if the plaintiff can show "'some factual nexus' [that] connects her to other potential plaintiffs as victims of an unlawful practice." Berndt v. Cleary Bldg. Corp., No. 11-cv-791-wmc, 2013 WL 3287599, at *6 (W.D. Wis. Jan. 25, 2013). The factual similarity need not relate to job duties or circumstances. Molina v. First Line Solutions LLC, 566 F. Supp. 2d 770, 786 (N.D. Ill. 2007) ("The other employees need not be in the same identical job or situation."). However, "[t]here must be a demonstrated similarity among the situations of each plaintiff beyond simply claiming that the FLSA has been violated." Id. at 787.

Plaintiffs assert that they have presented sufficient evidence that the assistant store managers who work for Defendants are similarly situated with respect to job requirements and pay provisions and were subjected to a common policy or practice of being improperly classified as exempt, salaried employees in violation of the FLSA.

Defendants oppose conditional certification, arguing that Plaintiffs have failed to establish that their proposed collective is similarly situated. Defendants assert that it is unrebutted that the

three Defendants are separate and distinct legal entities which control their own individual work rules and conditions of employment.  Resp. at 4 (d/e 30), citing Defendants' withdrawn Motion to Dismiss (d/e 11).  Defendants also argue that the declarations attached to the Motion for Conditional Certification fall short of supporting conditional certification.

Plaintiffs have made the required modest factual showing sufficient to demonstrate that they and the putative collective members were victims of a common policy or plan that violated the law.

Plaintiffs attach to their Motion the declarations of each named Plaintiff and Peterson, the individual who filed a Consent to Join Form.  These declarations suggest that assistant store managers for the three Defendants have similar compensation, job duties, and limitations on their authority.

Watt states that she worked for Jimmy John's under the franchisee Fox Restaurant Venture, LLC—owned by Peter Fox—as an assistant store manager from approximately 2014 to March 2015 in Bloomington, Indiana.  Kirkpatrick, a resident of Rock Hill, South Carolina, worked for Jimmy John's under the franchisee Fox

NC Acquisition as an assistant store manager in 2013 and early 2016. Rowland worked for Jimmy John's under the franchisee Fox SC Acquisition LLC in Columbia, South Carolina—owned by Peter Fox—as an assistant store manager from approximately April 2012 through April 2016. Peterson, a resident of Spartanburg, South Carolina, also worked for Jimmy John's under franchisee Fox SC Acquisition, LLC as an assistant store manager toward the end of 2015 until June 2016.

Each declarant indicates that he or she was paid on a salary basis and was required to and did work in excess of 40 hours per week. All of the declarants were classified as exempt employees and were not paid overtime.

The declarants describe the same job duties—such as preparing food, taking orders, cleaning the restaurant—and the same lack of job duties such as firing and scheduling. (Rowland states he could not fire without verbal consent of Peter Fox.) Three of the four declarants also assert that they were not allowed to hire, discipline, supervisor, delegate, or exercise meaningful independent judgment and discretion. None of the declarants was allowed to deviate from any policies or procedures without obtaining approval

from an Area Manager. Consequently, Plaintiffs have made a minimal showing that they and the putative collective members are similarly situated. See, e.g., Brunner v. Jimmy John's, LLC, No. 15 C 5509, 15 C 1681, 2015 WL 13653079, at *2-3 (N.D. Ill. Dec. 11, 2015) (finding the plaintiffs showed similarity with evidence of assistant store managers being paid on a salary basis, working overtime without additional compensation, having similar job duties, and having similar limits on their authority as well as observations by some declarants that they observed assistant store managers in other stores who worked similar hours and job duties).

Moreover, Plaintiffs have presented some evidence that such similarity between the assistant store managers is the result of a common, unlawful policy. Plaintiffs need not point to a specific written policy that requires them to work overtime. Nicks v. Koch Meat Co., Inc., 265 F. Supp. 3d 841, 853 (N.D. Ill. 2017). It is sufficient that they provide declarations indicating that each of the Defendants had a de facto practice of not paying overtime to assistant store managers at more than one store. Id. at 852-53 (finding the plaintiffs made "a modest factual showing that Defendants had a common policy or practice that caused chicken-

catchers at their various Complexes to work unpaid overtime").

In this case, Kirkpatrick states that he has personal knowledge of the similarities in the policies and practices used by the three Defendants. According to Kirkpatrick, all three Defendants used nearly identical policies and procedures, required employees to meet similar operations standards and goals, and even shared manuals and other documents. Rowland states that the three Defendants worked closely and that, as a former assistant store manager, he had knowledge that corporate audit scores were shared among the three Defendants and that Fox SC and Fox NC used the same punch lists for opening/closing procedures. The Court also notes that Plaintiffs alleged, and Defendants admitted, that the principal office for all three Defendants is located at 1909 Fox Drive, Champaign, Illinois. See Am. Compl. ¶¶ 5-7; Answer ¶¶ 5-7. Taken together, Plaintiffs have presented sufficient evidence, at this preliminary stage, to make the modest factual showing that Defendants had a common policy or practice of not paying their assistant store managers overtime.

Defendants argue, citing their withdrawn Motion to Dismiss, that it is unrebutted that they are separate and distinct legal

entities that control their own individual work rules and conditions of employment. However, at this conditional certification stage, the Court does not need to resolve factual disputes or consider evidence presented by Defendants. See Grosscup v. KPW Mgmt., Inc., 261 F. Supp. 3d 867, 876 (N.D. Ill. 2017) (noting the court does not "specifically consider opposing evidence presented by a defendant" at the first stage of the conditional certification process); Curless v. Great Am. Real Food Fast, Inc., 280 F.R.D. 429, 433 (S.D. Ill. 2012) (noting the court "does not resolve factual disputes, decide substantive issues going to the merits or make credibility determinations" at the first stage of the conditional certification process). Therefore, the Court will not consider such evidence at this time.

**B.  The Court Equitably Tolls the Statute of Limitations from May 9, 2017 to December 14, 2017 on Plaintiffs' Claim With Respect to All of Defendants' Current and Former Employees Who Are Eligible to Opt-In to this Litigation**

Plaintiffs also ask that the Court equitably toll the statute of limitations on all assistant store manager claims as of three years from the date of the filing of Plaintiffs' initial complaint (April 28,

2017) or, in the alternative, three years from the filing of the motion to stay proceedings (June 22, 2017).

For equitable tolling to apply, a plaintiff must show: (1) that she pursued her rights diligently and (2) that extraordinary circumstances prevented a would-be party's timely filing. Knauf Insulation, Inc., 820 F.3d at 908. Courts grant equitable tolling sparingly. Bensman v. U.S. Forest Serv., 408 F.3d 945, 964 (7th Cir. 2005).

Defendants oppose equitable tolling, arguing that equitable tolling is an exceptional remedy that should be granted sparingly. Defendants argue that Plaintiffs do not have standing to move for equitable tolling on behalf of any potential opt-in plaintiffs and the Court cannot grant equitable relief to individuals who are not yet before the Court. Alternatively, Defendants argue that the only possible basis for equitable tolling is the anti-suit injunction ordered by the Northern District of Illinois in In re Jimmy John's Overtime Litigation on May 9, 2017. A stay was issued by this Court on June 23, 2017 and lifted on January 24, 2018—a period of approximately seven months. Plaintiffs did not bring the request for equitable tolling until May 7, 2018. At most, according to

Defendants, any period of tolling must be limited to the seven-month period during which this matter was stayed.

This Court recently decided a nearly identical issue in <u>Lucas v. JJs of Macomb, Inc.</u>, 321 F. Supp. 3d 882, 884-85 (C.D. Ill. 2018), wherein the plaintiff sought equitable tolling before conditional certification of a class. This Court concluded that, in light of the anti-suit injunction that had been entered by the Northern District. "Plaintiff must be able to assert the putative plaintiffs' rights as to the statute of limitations as justice requires." <u>Id.</u> at 891.

In <u>Lucas</u>, the plaintiff brought an FLSA claim on behalf of himself and all others similarly situated alleging that a Jimmy John's franchisee misclassified him and other assistant managers as exempt from the FLSA's overtime provisions. The plaintiff's suit was enjoined by <u>In re Jimmy John's Overtime Litigation</u>, No. 14-cv-5509 (N.D. Ill.). After the stay was lifted, the plaintiff asked the Court to toll the statute of limitations from March 9, 2017—the date the Northern District issued in the injunction affecting the plaintiff—to December 14, 2017—when the Seventh Circuit reversed the injunction. Even though class certification had not yet been granted in the <u>Lucas</u> case, this Court tolled the statute of

limitations during the nine-month period the injunction was in place. This Court determined that the circumstances of the case warranted tolling the statute of limitations for putative plaintiffs. Id. 887-889. In addition, the Court concluded that the decision was not advisory and found that the plaintiff met the requirements for asserting the rights of third parties. Id. 889-891. For the reasons stated, in Lucas, this Court will toll the statute of limitations during the period the injunction affected this case – May 9, 2017 to December 14, 2017.

A litigant can assert the rights of third parties—such as a request to toll the statute of limitations—if three conditions are met: (1) the plaintiff has an injury in fact; (2) there was some hindrance to the third parties in asserting their own rights; and (3) the plaintiff shares a close relationship to the third parties. Lucas, 321 F. Supp. 3d at 890 (citing Campbell v. La., 523 U.S. 392, 397 (1998)); see also Davis v. Vanguard Home Care, LLC, No. 16-cv-7277, 2016 WL 7049069, at *3 (N.D. Ill. Dec. 5, 2016) (identifying circumstances under which a plaintiff has standing to assert the rights of third parties). Here, Plaintiffs have sufficiently alleged they suffered the injury of unpaid overtime wages. The extraordinary

circumstances of the injunction hindered the putative collective members from asserting their own rights by preventing them from receiving notice of this action.  See Lucas, 321 F. Supp. 3d at 890. Finally, this Court has conditionally certified the collective, which demonstrates a close relationship between Plaintiffs and the putative collective members.  See id.  Alternatively, Plaintiffs and the putative collective members have a close relationship because they share common issues or interests, including the issue of equitable tolling.  See Lucas, 321 F. Supp. 3d at 891.

Having found standing and that extraordinary circumstances prevented a would-be party's timely filing, the Court must next assess the diligence of the putative collective members.  Some courts have noted that a court cannot assess the diligence of a plaintiff who has not opted in.  Davis, 2016 WL 7049069, at *1 (but also noting that the "court need not go as far as holding that equitable tolling claims on a class-wide basis are always unripe before a plaintiff opts in but it does find that Plaintiffs' request for equitable tolling is unripe given the posture of this case").  Others have applied three factors to determine whether to toll the statute of limitations when a court cannot assess the diligence of the putative

collective members: (1) whether the extraordinary circumstances were beyond the control of the plaintiff or the putative collective members; (2) whether refusal to toll the statute of limitations would result in hardship for the putative collective members; and (3) whether tolling prejudices the defendant. Lucas, 321 F. Supp. 3d at 887 (citing cases).

As in Lucas, the Court finds each of these factors met. The anti-suit injunction constituted an extraordinary circumstance beyond the control of Plaintiffs and the putative collective members. Refusal to toll the statute of limitations would result in hardship to the putative collective members, as the lost time would deprive them of the ability to bring their claims as part of this litigation. A seven-month stay constitutes a substantial portion of the time putative collective members could bring their claims -- 19% of the three-year statute of limitations and 29% of the two-year statute of limitations. See, e.g., Lucas, 321 F. Supp. 3d at 887. Finally, equitable tolling will not substantially prejudice Defendants because they knew the potential scope of liability when the Amended Complaint was filed. See id. at 888.

Therefore, the Court will equitably toll the statute of limitation from May 9, 2017 to December 14, 2017 on Plaintiffs' claim with respect to all of Defendants' current and former employees who are eligible to opt in to this litigation. The seven months and five days during which the injunction was in place should not count toward the putative collective members' deadlines to file their claims and to join the action. Plaintiffs have not demonstrated that equitable tolling is warranted for any other time period.

## C. Plaintiffs Proposed Notice and Consent Form Are Approved As Amended

Plaintiffs have submitted to the Court a proposed notice and proposed consent form. Plaintiffs also proposed the following schedule:

(1) <u>10 Days After the Order Approving Notice to the Putative Collective Members:</u> Defendants to disclose the names, last known mailing addresses, last known telephone numbers, last known personal email address, and last four digits of social security numbers of all Putative Collective Members to be notified, in a usable electronic format.

(2) <u>20 Days After the Order Approving Notice to the Putative Collective Members:</u> Plaintiffs' Counsel or the Third Party Administrator shall mail a copy of the Court approved Notice and Consent Form to the Putative Collective Members, Defendants to place a Notice in all current Assistant Store Managers' pay envelopes, and

Plaintiffs to put up a case website with Notice and Consent Form.

(3) 90 Days From Date Notice is Mailed to Putative Collective Members: Deadline for Putative Collective Members to mail in their signed Consent Forms for filing with the Court.

(4) 50 Days From Date Notice is Mailed to Putative Collective Members: Plaintiffs' Counsel or the Third Party Administrator shall mail a reminder form to the Putative Collective Members reminding them of the postmark deadline for submission of Consent Forms.

Defendants oppose several of Plaintiffs' proposals.

First, Defendants assert that a protective order should be entered limiting the Plaintiffs' use of any phone numbers to solely the purpose of locating the current addresses of any notice recipients whose notices are returned or otherwise undelivered. Resp. at 8 (citing Russell v. Ill. Bell Tel. Co., 575 F. Supp. 2d 930, 939 (N.D. Ill. 2008) (noting that, because the Illinois Rules of Professional Conduct prohibit direct telephone solicitation of potential clients, the disclosure of telephone numbers should be accompanied by a protective order limiting the use of the telephone numbers for the purpose of locating the current addresses of any notice recipients whose notices are returned or otherwise undelivered)). Plaintiffs do not object to the issuance of a protective

order with regard to contact information and are willing to confer with Defendants regarding the method in which Defendants furnish the relevant information. Plaintiffs believe, however, that telephone numbers are necessary to find the most up-to-date contact information for purposes of notice.

The Court orders that Defendants shall provide the last known telephone numbers of those individuals whose notices are returned or otherwise undelivered or for any individuals for whom Defendants do not have a mailing address. Plaintiff may only use those telephone numbers for the purpose of locating the current addresses of those individuals. The parties shall confer regarding the method and time in which Defendants will furnish that information.

Defendants also object to providing the last four digits of potential opt-in plaintiffs' social security numbers. Defendants again cite <u>Russell</u>, this time for the proposition that partial social security numbers are neither necessary nor particularly helpful. Plaintiffs assert that such information is necessary to find the most up-to-date contact information for purposes of notices. Because the last four digits of social security numbers is of marginal use in

locating putative collective members and the marginal use is outweighed by the privacy concerns of putative collective members, the Court will not order Defendants to provide such information. See Woods v. Club Cabaret, Inc., 140 F. Supp. 3d 775, 783-84 (C.D. Ill. 2015) (sua sponte finding the marginal use of birthdates and the last four digits of social security numbers was outweighed by the privacy concerns of potential plaintiffs).

Defendants next argue that Plaintiffs have not provided a basis for a proposed notice period of 90 days with a reminder form sent out at 50 days. Defendants assert that a 30 to 60-day notice period is adequate and that a reminder form is unnecessary.

The Court has broad discretion regarding the details of a notice sent to potential opt-in plaintiffs, including the length of the opt-in period. Woods, 140 F. Supp. 3d at 783-84. Courts routinely approve 90-day opt-in periods. Id. (citing Butler v. DirectSAT USA, LLC, 876 F. Supp. 2d 560, 574 (D. Md. 2012)). Therefore, the Court overrules Defendants' objection to the 90-day notice period. The Court agrees with Defendants, however, that a reminder notice after 50 days is unnecessary and could be interpreted as judicial endorsement of Plaintiffs' claims. See Smallwood v. Ill. Bell Tel. Co.,

710 F. Supp. 2d 746, 753-54 (N.D. Ill. 2010) (citing <u>Witteman v.</u>

<u>Wis. Bell, Inc.</u>, 09-cv-440-VIS, 2010 WL 446033, at *3 (W.D. Wis.

Feb. 2, 2010)).  Therefore, Plaintiffs shall not send a reminder notice

after 50 days.

## IV. CONCLUSION

For the reasons stated, Plaintiffs' 29 U.S.C. § 216(b)

Motion for Conditional Certification and Court-Authorized

Notice to Potential Class Members (d/e 26) is GRANTED.  In

addition, the statute of limitations is tolled from May 9, 2017

to December 14, 2017 (seven months and five days) on

Plaintiffs' claim with respect to all of Defendants' current and

former employees who are eligible to opt-in to this litigation.

**IT IS THEREFORE ORDERED AS FOLLOWS:**

(1) The Court conditionally certifies a collective action by

Plaintiffs and similarly situated members of the collective

pursuant to 29 U.S.C. § 216(b), defined as:

> All individuals who are currently or were formerly
> employed as salaried assistant store managers at any
> Jimmy John's® Sandwich Shop owned by Fox
> Restaurant Ventures, LLC, Fox NC Acquisitions, LLC
> and/or Fox SC Acquisitions, LLC in the States of Indiana,
> North Carolina and/or South Carolina from August 7,
> 2015 through the present.

This date is three years, seven months, and five days prior to the date of the mailing of the Notice to account for the equitable tolling.

(2) The Court APPROVES Plaintiffs' proposed Notice, as amended herein, and Plaintiffs' proposed Consent to Become a Party form.

(3) Within 10 days from the date of this Opinion, Defendants are ordered to produce to Plaintiffs in a usable electronic format the names, last known mailing address, and last known personal email addresses of all Putative Collective Members to be notified.  Defendants shall only provide last known telephone numbers of those individuals whose notices are returned or otherwise undelivered or for any individuals for whom Defendants do not have a mailing address.  Plaintiffs may only use those telephone numbers for the purpose of locating the current addresses of those individuals.  The parties shall confer regarding the method and time in which Defendants will furnish the telephone number information.

(4) Within 20 days from the date of this Opinion, Plaintiffs' Counsel or the Third Party Administrator shall mail

a copy of the Court-approved Notice and Consent Form to Putative Collective Members.  Additionally, Defendants shall place a Notice in all current assistant store managers' pay envelopes.  Finally, Plaintiffs shall establish a website with the Notice and Consent Form.

(5)  The Putative Collective Members shall have 90 days to mail in their signed Consent forms for filing with the Court.

**ENTERED: February 20, 2019**

**FOR THE COURT:**

**s/Sue E. Myerscough**
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**