E-FILED
Wednesday, 13 November, 2019  02:11:36 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | |
|---|---|
| **BRITTANY MICHELLE WATT,**<br>**et al.,**<br><br>                    Plaintiffs,<br><br>vs.<br><br>**FOX RESTAURANT VENTURE,**<br>**et al.,**<br><br>                    Defendant. | No. 17 cv 2104<br><br>Honorable Sue Myerscough<br>Magistrate Judge Eric Long |

**<u>BRIEF IN SUPPORT OF JOINT MOTION TO APPROVE SETTLEMENT</u>**

## INTRODUCTION

Plaintiff Brittany Michelle Watt filed a putative collection action complaint under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA") against her former employer, Fox Restaurant Venture, Fox NC Acquisition and Fox SC Acquisition (collectively, "Defendants") on or around April 28, 2017. (ECF Dkt. #1). Whereas on or around March 16, 2018, Plaintiff amended her complaint to include James Kirkpatrick and Paul Rowland as Plaintiffs (collectively, "Plaintiffs") alleging FLSA violations against Defendants. (ECF Dkt. # 17; 17-1). The parties, by their respective counsel, have negotiated a fair and reasonable settlement of the claims under the FLSA. The parties now ask this Court to review and to approve their proposed settlement.

## STATEMENT OF FACTS

On April 28, 2017, Brittany Michelle Watt, filed a complaint in the United States District Court for the Central District of Illinois on behalf of herself and other similarly situated individuals alleging that Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., by misclassifying salaried ASMs as "exempt" and failing to pay the ASMs for all overtime worked. On or around June 23, 2017, this Court entered a stay of proceedings pursuant to an anti-suit injunction issued the court in the *In re: Jimmy John's Overtime Litigation* (14-cv-5509). (ECF Dkt. #7). On January 23, 2018, Plaintiff Watt filed a motion to lift the stay of proceedings and proceed in the litigation. (ECF Dkt. #9). This Court entered an Order lifting the Stay of Proceedings on January 24, 2018. (ECF Dkt. #10).

On or around February 19, 2019, Defendant filed a motion to dismiss. (ECF Dkt. #11). On or around March 2, 2018, Defendant withdrew its motion to dismiss and filed an Answer to Plaintiff's Complaint. (ECF DKt. #14).

2

On or around March 16, 2018, Plaintiff Watt filed a motion to amend her Complaint to include James Kirkpatrick and Paul Rowland as named Plaintiffs against Defendants, alleging Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., by misclassifying salaried ASMs as "exempt" and failing to pay the ASMs for all overtime worked. (ECF Dkt. #17; 17-1).

On May 7, 2018, Plaintiffs filed a motion for conditional certification pursuant to 29 U.S.C. 216(b). (ECF Dkt. #26).   The parties fully briefed the matter. On February 20, 2019, the Court granted in part Plaintiffs' Motion for Preliminary Conditional Certification and ordered Notice and an opportunity to participate in this Litigation be mailed to current and former salaried ASMs of Defendants that worked for Defendants during the applicable time period (August 7, 2015 through June 6, 2019). As a result of the Court ordered notices, 12 total individuals consented to inclusion in this Litigation as Plaintiffs.

In the summer of 2019, the parties entered into settlement negotiations.  In October 2019, the parties agreed to the terms of a settlement and entered into a written Settlement Agreement and General Release ("Settlement Agreement").  The Settlement Agreement provides, among other things, that Defendants will pay Plaintiffs wages owed to them for alleged unpaid overtime from August 7, 2015 through June 6, 2019.  Defendants will also pay attorneys' fees and costs associated with Plaintiffs claims, in exchange for Plaintiffs dismissing this case with prejudice.

The parties have entered into a fully executed settlement agreement. The parties agree that the Settlement Agreement represents a fair resolution and a reasonable compromise of disputed claims. A copy of the settlement agreement is attached hereto as Exhibit 1.

## ARGUMENT

**A.    Standard of Review for Court Approval of a FLSA Settlement**

Stipulated settlements in a Fair Labor Standards Act (FLSA) case must be approved by the court. *Burkholder v. City of Ft. Wayne*, 750 F. Supp. 2d 990 (N.D. Ind. 2010). To determine fairness of a settlement under FLSA, court must consider whether agreement reflects reasonable compromise of disputed issues rather than mere waiver of statutory rights brought about by an employer's overreaching. *Id*. To approve an FLSA settlement, the court must find that the settlement "represents a fair and reasonable resolution of a *bona fide* dispute under the FLSA." *Binissia v. ABM Indus., Inc.*, No. 13 CV 1230, 2017 WL 4180289, at *2 (N.D. Ill. Sept. 21, 2017). When considering whether to approve settlements, the court serves as "a fiduciary of the class, who is subject therefore to the high duty of care that the law requires of fiduciaries." *Id*., citing *Reynolds v. Beneficial Nat'l Bank,* 288 F.3d 277, 280 (7th Cir. 2002). Further, settlement may be approved by the Court to promote the policy of encouraging settlement when the settlement "reflect[s] a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute." *Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1354 (11th Cir. 1982).

**B.    The Proposed Settlement Represents a Reasonable Compromise of Disputed Claims**

Here, the parties, each represented by counsel with significant experience in litigating claims under the FLSA based on an allegation that an employee was misclassified as a exempt employee and thus should have been paid required overtime for any workweeks in which the employee worked more than 40 hours, have agreed to settle Plaintiffs claims based on the terms of the Settlement Agreement.  Here, there is a *bona fide* dispute as to whether Plaintiffs were

4

properly classified as exempt employees when they worked as Assistant Store Managers for Defendants.

The parties recognize that further litigation of these claims would require the investment of significant additional resources by both Plaintiffs and Defendants compared to the amounts in dispute. Moreover, because Defendants have denied all liability and asserted numerous defenses including defenses that could bar any recovery by Plaintiffs, proceeding with litigation would not have guaranteed a favorable result for either party.

As to the vindication of the public interest, the settlement also promotes both judicial economy and the public good. Further, the Court will not have to devote its resources to oversee the litigation of this case.

**C.    Plaintiffs Negotiated Attorney Fees Should Be Approved**

Section 216(b) of the FLSA provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. §216(b). While the award of fees [for prevailing plaintiffs] is mandatory, the district court has "wide latitude" in determining the amount of the fee. *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399, 406 (7th Cir. 1999). Generally speaking, if the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement. But first, the court must determine whether the proposed settlement is both fair and reasonable, and this includes an evaluation of the reasonableness of the attorneys' fees sought. *Binissia*, 2017 WL 4180289, at 3.

Here, Plaintiffs and their counsel agree that the amount of attorneys' fees to be paid by Defendants is reasonable and appropriate. Plaintiffs' counsel seeks $16,188.99.00 in attorneys' fees, in addition to costs, which equates to approximately one-third of Plaintiffs' counsel's current

loadstar.  Plaintiffs' counsel has employed reasonable billing standards and rates, and has kept track of their time through their case management timekeeping program. Plaintiffs' counsel's loadstar is available at the Court's request.  The parties respectfully request that this Court approve the agreed-upon amount of attorneys' fees Defendants will pay Plaintiffs' counsel.

<u>**CONCLUSION**</u>

For all of the reasons set forth above, the parties respectfully request that this Court approve the proposed settlement the parties have reached in this case.

Date: <u>November 13, 2019</u>          Respectfully Submitted,

FOOTE, MIELKE, CHAVEZ & O'NEIL, LLC

By:      /s/ Elizabeth Chavez
         Elizabeth Chavez, Esq. (#6323726)
         Kathleen C. Chavez, Esq.(#6255735)
         10 W. State Street
         Suite 200
         Geneva, IL  60134
         Phone (630) 232-7450
         Emails: ecc@fmcolaw.com
                 kcc@fmcolaw.com


         ***Attorneys for Plaintiff***

6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 13, 2019, I electronically filed the foregoing document with the clerk of court for the U. S. District Court for the Central District of Illinois - Urbana Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

<u>/s/Elizabeth C. Chavez</u>
Elizabeth C. Chavez, Esq.