E-FILED
Wednesday, 13 November, 2019  02:11:36 PM
Clerk, U.S. District Court, ILCD

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

**BRITTANY MICHELLE WATT, et al.,**

Plaintiffs,

vs.

**FOX RESTAURANT VENTURE, et al.,**

Defendant.

No. 17 cv 2104

Honorable Sue Myerscough
Magistrate Judge Eric Long

**[PROPOSED] SETTLEMENT AGREEMENT**

This Settlement Agreement and Release is entered into by and between Plaintiffs Brittany Michelle Watt, James Kirkpatrick, Jr., and Paul Rowland, on their own behalf and for the benefit of the nine (9) other putative opt-in Plaintiffs, attached hereto as Exhibit A (hereinafter referred to collectively as the "Collective" or "Plaintiffs") in the above-captioned action and Fox Restaurant Venture, Fox NC Acquisition, and Fox SC Acquisition (hereinafter referred to collectively as "Defendants"). This Agreement requires Court approval and shall be binding upon the Parties and effective upon Court approval.

## RECITALS

WHEREAS, all Plaintiffs are or were employed by Defendants' as Assistant Store Managers ("ASMs") during the Applicable Time Period;

WHEREAS, on April 28, 2017, Brittany Michelle Watt, filed a complaint in the United States District Court for the Central District of Illinois on behalf of herself and other similarly situated individuals alleging that Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., by misclassifying salaried ASMs as "exempt" and failing to pay the ASMs for all overtime worked;

WHEREAS, on March 16, 2018, Plaintiffs amended the Complaint to include James Kirkpatrick and Paul Rowland as named Plaintiffs against Defendants, alleging Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., by misclassifying salaried ASMs as "exempt" and failing to pay the ASMs for all overtime worked;

WHEREAS, on February 20, 2019, the Court granted in part Plaintiffs' Motion for Preliminary Conditional Certification and ordered Notice and an opportunity to participate in this Litigation be mailed to current and former salaried ASMs of Defendants that worked for Defendants during the applicable time period (August 7, 2015 through June 6, 2019);

1

WHEREAS, as a result of the Court ordered notices, 12 total individuals consented to inclusion in this Litigation as Plaintiffs. This list is attached as Exhibit A;

WHEREAS, this Settlement has been entered into by Representative Plaintiffs for the benefit of themselves and the Collective, who will each be provided a mailed copy of the Settlement Notice with accompanying settlement check;

WHEREAS, Defendants explicitly and expressly deny all of the allegations in the Litigation, and further deny that they have caused Plaintiffs, any damage or injury, or in any way acted in an unlawful or improper manner toward any Plaintiffs individually and/or in connection with his or her employment with Defendants;

WHEREAS, Plaintiffs and Defendants have conducted a thorough investigation into the facts of the Litigation and have exchanged factual disclosures, conducted discovery, including but not limited to document and data production and exchange of other information pursuant to Court rules;

WHEREAS, the litigation, investigation, discovery and other disclosures have enabled each party to understand and assess the detail and substance of their respective claims and defenses, and having done so are of the informed opinion and belief that the settlement between the Parties is fair, reasonable, adequate and in the best interests of all Plaintiffs, in light of all known facts and circumstances, including the considerable expense of discovery and litigation, defenses asserted by Defendants, uncertainty of the result through continued litigation, motion practice, trial, appeal and the likelihood of substantial delay and an adverse judgment. Having fully investigated and assessed the risks of continuing litigation, the Parties desire to resolve, on the terms set forth herein, and in the Exhibits attached hereto, any and all FLSA Claims based on Plaintiffs' allegations in this Litigation regarding compensation for their work performed while employed by Defendants,

2

during the Applicable Time Period;

WHEREAS, the relief provided to the Plaintiffs and the procedures set forth in this Agreement for the distribution of relief provide a fair, flexible, speedy, cost effective, and assured monetary settlement, and thus, this Agreement provides considerable benefit to the Plaintiffs, is consistent with and in promotion of the protections afforded Plaintiffs by the FLSA, and avoids costly litigation of difficult and contentious issues; and

WHEREAS, the attorneys of record representing Plaintiffs are experienced in both litigating and settling FLSA collective actions, general employment class actions and a range of complex civil cases of the type involved in this Litigation.

NOW THEREFORE, in consideration of the mutual promises and covenants contained herein and the consideration being provided to Plaintiffs, as set forth below, the adequacy of which Plaintiffs hereby acknowledge, the Parties agree as follows:

**Paragraph #1: Definitions**

As used in this Agreement, the following terms have the following meanings unless a section or subsection of this Agreement otherwise specifically provides:

a. **"Administration Costs"** refers to the amount attributable to any costs of providing notice or other such costs associated with administration and settlement of this Litigation. Administration Costs are included in the "Litigation Costs" as itemized and attached hereto in Exhibit B.

b. **"Agreement"** means this Joint Settlement Agreement;

c. **"Allocation Methodology"** of the Net Settlement Amount, as defined herein, will be allocated amongst the Plaintiffs, on a *pro rata* basis determined by the average number of hours of overtime worked per week (15 hours) multiplied by the applicable overtime hourly rate (hourly

3

rate x 1.5), then multiplied by the total number of work weeks each Plaintiff worked as a salaried ASM during the applicable time period;

    d.    **"Applicable Time Period"** means August 7, 2015 through June 6, 2019.

    e.    **"Attorneys' Fees"** means all Plaintiffs' Attorneys' Fees incurred in connection with this Litigation. Attorneys' Fees were negotiated by Plaintiffs' Counsel, after all other principal material points of the settlement had been resolved. Plaintiffs' Counsel has spent substantial time and expenses actively litigating this matter, as reflected in the docket entries, as well as the extensive investigation and discovery conducted over the past two (2) years. Defendants have agreed to pay Plaintiffs' Attorneys' Fees and costs in the amount of approx. $811.71 in total Costs and $16,188.99 in Attorneys' Fees. The total amount of attorneys' fees and costs is approximately $17,000.71, and are fair and reasonable under the FLSA. Collective Counsel agrees to being paid by Defendants separate and apart from the Gross Settlement Amount, as approved by this Court.

    f.    **"Claim Disclosure"** refers to the document enclosed with each Plaintiff's settlement check that described the release of claim. The proposed Claim Disclosure Form is attached as Exhibit C;

    g.    **"Court"** means the Honorable Eric Long, United States District Court for the Central District of Illinois;

    h.    **"Defendants' Counsel"** means Lorna Geiler of Meyer Capel, P.C.;

    i.    **"Collective Counsel"** means Kathleen C. Chavez and Elizabeth C. Chavez of Foote, Mielke, Chavez & O'Neil, LLC;

    j.    **"Distribution Amount"** means the amount distributed in the form of a settlement check to Plaintiffs;

4

k.  **"Effective Date"** means the date on which this Court approves this Settlement Agreement;

l.  **"Employment Payroll Taxes"** means FICA, FUTA and SUTA payment obligations, and any other state or federal tax obligations that result from Distribution Amounts made to Plaintiffs, which will be calculated and employee obligations withheld from Distribution Amounts by the Claims Administrator prior to distribution to Plaintiffs, except the Parties expressly agree that no Employment Payroll Taxes are applicable to, will be withheld from Service Payments.

m.  **"FLSA"** means the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.

n.  **"Gross Settlement Amount,"** means the settlement sum, paid by Defendants, in the total amount of Sixty-Two Thousand Five Hundred Dollars ($62,500.00), which sum includes all Administration Costs, Distribution Amounts to Plaintiffs, Service Payments to Representative Plaintiffs and Attorneys Fees' and Litigation Costs payable to Collective Counsel;

o.  **"Litigation"** means *Brittany Michelle Wall, James E. Kirkpatrick, Jr., and Paul Rowland, individually and on behalf of all others similarly situated v. Fox Restaurant Venture LLC, et al*, Civil Action No. 1 7- CV-2104;

p.  **"Litigation Costs"** means the costs associated with the Litigation, including but not limited to filing fees, postage, photocopying, deposition costs, travel, subpoena fees, court reporter costs, transcript costs, notice costs, claims administration and other costs associated with the Litigation. Litigation Costs are itemized and attached hereto as Exhibit "B."

q.  **"Net Settlement Amount"** means the Gross Settlement Amount, plus any applicable interest, less Service Payments, Attorneys' Fees, and Administration Costs as defined herein;

5

r.    **"Participating Plaintiffs"** means an opt-in Plaintiff who participates in this settlement and releases the FLSA claim by depositing the settlement check;

s.    **"Parties"** means Defendants, the Representative Plaintiffs, and the Participating Plaintiffs;

t.    **"Plaintiffs"** means Representative Plaintiffs and the nine (9) Opt-In Plaintiffs, as set forth in and attached hereto as Exhibit A;

u.    **"Excluded Plaintiffs"** means Plaintiffs who mailed in a timely opt-in form, but did not work as a salaried ASM during the applicable time period, did not work any overtime hours during the applicable time period or did not work as a salaried ASM during the applicable time period. The "excluded plaintiffs" include:

**1. Jayson Bodo:** Documents exchanged between the parties reflect that Plaintiff Bodo did not work as a salaried ASM during the relevant time period. Thus, the parties request that Jayson Bodo be excluded from this settlement;

**2. Chaqwanda Rosa:** Documents exchanged between the parties reflect that Plaintiff Rosa was not a salaried ASM during the applicable time period and that she was properly paid for all hours worked in accordance with the FLSA. Thus, the parties request that Chaqwanda Rose be excluded from this settlement;

**3. Mark Turner:** Documents exchanged between the parties reflect that Plaintiff Turner was never an employee of any of the three named Defendants. Thus, the parties request that Turner be excluded from this settlement.

v.    **"Released Parties"** means Defendants and all of its parent(s), divisions, subsidiaries, affiliates, related companies, partnerships, joint ventures, predecessors and successors, and all of its and their directors, principals, officers, stockholders, owners, members,

6

fiduciaries, trustees, insurers, employees, attorneys, representatives, assigns, and agents (each in their individual and corporate capacities) collectively;

     w.    **"Representative Plaintiffs"** means the three (3) individuals who initiated this Litigation: Brittany Michelle Watt, James Kirkpatrick and Paul Rowland;

     x.    **"Service Payments"** refers to the monetary payment in the amount of five hundred ($500.00) each, made payable to each of the Representative Plaintiffs for their leadership in this Litigation. The Service Payments shall be deducted from the Gross Settlement Amount prior to calculating the Net Settlement Amount. The Service Payments shall be paid addition to Net Distribution Amount owed to the Representative Plaintiffs and Defendants will issue an IRS Form 1099-MSC with the Service Payment referenced in box 3 "other income."

     y.    **"Settlement Fund"** means Net Settlement Amount, less Attorneys' Fees' and Administration Costs. The Settlement Fund shall be managed and administered Defendants;

**Paragraph 2: Release**

     In exchange for the good and valuable consideration provided by Defendants, Representative Plaintiffs and all Participating Plaintiffs fully and finally release and discharge Defendants, and their current or former subsidiaries, parents, affiliates, predecessors, insurers, agents, partners, employees, successors, assigns, officers, officials, directors shareholders, attorneys, benefit plans, administrators and trustees of any and all claims that he or she may have under the FLSA and any applicable state wage and hour laws, as alleged in this Litigation. The released claims include all FLSA claims alleged by the Plaintiffs in the lawsuit, as well as all claims based upon the same facts, transactions, events, occurrences, acts, disclosures, statements, omissions, or failures to act in the lawsuit. The released claims include, but are not necessarily limited to, any claim for unpaid overtime or any other wages due under the FLSA, that were

7

brought, or could have been brought in the lawsuit. Each settlement check will be accompanied by

an individual claim disclosure form, which is attached hereto as Exhibit C;

**Paragraph 3: Table of Relevant Dates**

| Relevant Event | DATE |
|---|---|
| Effective Date of this Agreement | Date Court enters Approval Order |
| Defendants shall pay Foote, Mielke, Chavez & O'Neil, LLC the Attorneys' Fees and Litigation Costs | Ten (10) Days after the Effective Date |
| Defendants shall pay Service Payments to the Plaintiffs | Ten (10) days after the Effective Date |
| Defendants shall distribute the applicable settlement checks with the Notice of Settlement to all opt-in Plaintiffs using the Allocation Methodology | Fourteen (14) days after the receipt of the Net Settlement Amount |
| Affidavit of Compliance Filed with Court by Plaintiffs' Counsel and Defense Counsel | 5 days after the mailing of the settlement check and Claim Form to all Plaintiffs |
| Entry of Dismissal Order | Upon Joint Petition by the Parties |

**Paragraph 4: Consideration**

    a.    *Gross Settlement Amount*

In exchange for the release and other such promises made by Plaintiffs in this Agreement,

Defendants shall pay a total Gross Settlement Amount, for the benefit of Representative and

Participating Plaintiffs, of Sixty Two Thousand Five Hundred Dollars ($62,500.00).

        i.    *Representative Service Payments*

8

Defendants shall pay to Representative Plaintiffs in the amount of five hundred dollars ($500.00) each, for their leadership in this Litigation. The Representative Service Payments shall be deducted from the Gross Settlement Amount prior to calculating the Net Settlement Amount. The Service Payments shall be paid in addition to Net Distribution Amount owed to the Representative Plaintiffs and Defendants will issue an IRS Form 1099-MSC with the Service Payment referenced in box 3 "other income."

### ii. Attorneys' Fees and Administration Costs

Defendants agree: (i) Plaintiffs' Counsel are entitled to an award of reasonable Attorneys' Fees and Litigation Costs under the FLSA, (ii) to pay Plaintiffs' Counsel reasonable Attorneys' Fees in the amount of sixteen thousand one hundred and eighty eight dollars and 99/100 ($16,188.99) and Litigation costs in the amount of costs in the amount of eight hundred and eleven dollars and 72/100 ($811.72); and (iii) Plaintiffs' Counsel agrees to accept said amount of Attorneys' Fees and Litigation Costs as the full and complete payment of all attorneys' fees and costs in connection with this Litigation. Attorneys' Fees and Litigation Costs shall be deducted from the Gross Settlement Amount prior to making allocation and distributions to Plaintiffs.

### iii. Net Settlement Amount

The Net Settlement Amount is the total net settlement amount allocable and distributable to Plaintiffs, after Attorneys' Fees, Litigation Fees, and Service Payments, as defined herein, are deducted from the Gross Settlement Amount. The Net Settlement Amount is forty three thousand nine hundred and ninety nine dollars and 29/100 ($43,999.29).

Plaintiffs understand and agree that the payments described in this Paragraph would not be provided except for Plaintiffs' execution of this Agreement and the fulfillment of the promises contained in this Agreement.

9

**Paragraph 5: Net Settlement Allocation and Distributions**

The Net Settlement Fund, as defined herein, will be divided amongst Participating Plaintiffs on a *pro rata* basis, in an amount determined by the number of weeks each Participating Plaintiff was employed as a salaried Assistant Store Manager (ASM) during the applicable time period (as reflected in Exhibit D which will be prepared by Plaintiff's counsel and exchanged between the parties and submitted to this Court for in camera review, but is not made a part of any public filing), less applicable federal state and local income and employment taxes required to be withheld under the law. Plaintiffs agree each participating plaintiff is solely responsible for the employee portion of applicable taxes, penalties, interest, or other amounts due on the payments described above, and shall indemnify Defendants and/or its respective successors, assigns, parents, subsidiaries, divisions, affiliates, insurers, officers, directors, trustees, likewise, Defendants are solely responsible for the employer portion of applicable taxes, penalties, interest or other amounts due on the payments described above and shall indemnify Participating Plaintiffs and/or his or her respective assignees, estate or agent.

**Paragraph 6: Disputes by Participating Plaintiffs**

The Parties agree that they will confer on a case-by-case basis concerning disputes submitted by the Participating Plaintiffs regarding total number of hours worked during the applicable time frame, dates worked.

**Paragraph 7: Defendants Management of Net Distributions**

All distribution checks shall bear a prominent legend that the check must be cashed within sixty (60) days after the date on which it is shown to have been drawn. If, upon the close of the period for cashing distribution checks any Participating Plaintiff has not cashed his or her

10

distribution checks, then, with respect to each such person, the monies shall be returned to Defendants.

**Paragraph 10: Plaintiffs' Attorneys' Fees**

The Parties agree that Plaintiffs' Counsel are entitled to an award of reasonable Attorneys' Fees under Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. (FLSA). The Litigation has been on file since April 28, 2017, with substantial amounts of attorney time spent in connection with prosecuting the claims of Plaintiffs, including but not limited to the drafting and issuance of notice administered, discovery, motion practice and settlement negotiations. In addition, Collective Counsel advanced substantial Litigation Costs, as set forth in Exhibit B. Collective Counsel has agreed to accept a total sum of seventeen thousand dollars and 71/100 ($17,000.71) in complete and total Attorneys' Fees and Costs, in order to effectuate settlement of this Litigation, subject to approval by the Honorable Eric Long. Defendants agree to pay the total amount of Attorneys' Fees and Litigation Costs, as awarded by this Court, within ten (10) days from the effective date of this Agreement to c/o Kathleen C. Chavez, of Foote, Mielke, Chavez & O'Neil, LLC, 10 West State Street, Suite 200, Geneva, Illinois 60134. The Attorneys' Fees and Litigation Costs are to compensate Plaintiffs' Counsel for all the work they have already performed in this Litigation and all the remaining work necessary to obtain approval of and, once approved, to implement this Agreement. Costs awarded are to reimburse Plaintiffs' counsel for Filing and Administration Costs incurred in connection with this litigation. Plaintiffs shall not request nor receive any Attorneys' Fees, in connection with this Litigation, other than awarded by this Court. Defendants will issue to Plaintiff's Counsel an IRS Form 1099 in connection with the payment of Attorney's Fees and Expenses. Plaintiff's Counsel agrees they are solely responsible for any

11

applicable taxes, penalties, interest, or other amounts due on the attorney's fees described above, and shall indemnify Defendants and/or its respective successors, assigns, parents, subsidiaries, divisions, affiliates, insurers, officers, directors, trustees, governors, employees, agents and representatives and hold it/them harmless for any taxes, penalties, or interest he/she becomes required to pay related to the payment described above.

**Paragraph 11: Limitation on Applicability and Use of Agreement**

This Agreement, and all of the terms herein, constitute compromises and offers to compromise covered by the Federal Rules of Evidence, Rule 408. In the event that this Agreement is terminated or is otherwise not approved by the Court, nothing in this Agreement, or its negotiation, may be used as evidence in any action between the parties hereto. The Parties agree that this Agreement, whether or not the Effective Date occurs, and any and all negotiations, documents, and discussions associated with it shall be without prejudice to the rights of any Party, shall not be deemed or construed to be an admission of evidence or any violation of any statute or law, common law principle, administrative code, rule or regulation, and evidence thereof shall not be discoverable or used directly or indirectly by any of the Parties or third parties, in any way (except that the provisions of this Agreement may be used by the Parties to enforce the terms of this Agreement), whether in this Action or in any other action or proceeding. The Parties expressly reserve all of their rights and defenses if the Effective Date does not occur. Neither the Parties' good faith negotiations nor execution of this Agreement, shall constitute or be construed to be an admission by Defendants or concession (or infirmity) by the Plaintiffs, in any action or proceeding of any kind whatsoever, civil, criminal, or otherwise, before any court, administrative agency, regulatory body or any other body or authority present or future.

12

**Paragraph 12: Approval of Court**

This Agreement must be approved by the Court in order to become effective, and it shall be null and void *ab initio* if it is not approved by the Court. The Parties shall jointly prepare and file a joint motion for approval of this Agreement, which will be submitted in camera for review by the Court; Plaintiffs shall prepare the initial draft.

**Paragraph 13: Return of Documents**

Plaintiffs' Counsel agree to hold any and all documents produced by Defendants strictly confidential and to properly destroy such documents consistent with its normal document destruction policies.

**Paragraph 14: Effect of Payments on Benefits**

Payments made under this Agreement are not intended to and will not form the basis for additional contributions to, benefits under, or any other monetary entitlement under Defendants' bonus, pension, and retirement programs or 401(k) plans maintained by Defendants, its parents or affiliates. Nor will such payments count as earnings or compensation with respect to, or be considered to apply to, or be applied for purposes of Defendants' bonus, pension, and retirement programs or 401(k) plans maintained by Defendants, their parents or affiliates. Defendants retain the right, if necessary, to modify the language of its benefit plans and pension, bonus and other programs, if necessary, to make clear that any amounts paid pursuant to this Agreement are not for hours worked, hours paid or any similar measuring term as defined by any plans and programs for purposes of eligibility, vesting, benefit accrual or any other purpose.

**Paragraph 15: Tax Consequences**

13

No opinion concerning the tax consequences of the Settlement to individual Plaintiffs is being given, or will be given by the Parties or their counsel, nor is any representation or warranty in this regard made by virtue of this Agreement. Participating Plaintiffs must consult their own tax advisors regarding the tax consequences of the Settlement, including any payments provided hereunder and any tax reporting obligations they may have with respect thereto. Each Party retains its own tax obligations and reporting requirements, and the determination thereof, are the sole responsibility of the each respective Party. It is understood that the tax consequences may vary depending on the particular circumstances of each individual Participating Plaintiff.

**Paragraph 16: Notices**

Unless otherwise specifically provided herein, all notices, demands or other communications between the Parties, given hereunder, shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

To the Plaintiffs:

Elizabeth C. Chavez, Esq.
Foote, Mielke, Chavez & O'Neil, LLC
10 West State Street, Suite #200
Geneva, Illinois 60134
ecc@fmcolaw.com

To Defendants:

Lorna Geiler, Esq.
306 W. Church Street
Champaign, IL 61820
lgeiler@meyercapel.com

**Paragraph 17: Entire Agreement**

14

After this Agreement is fully executed by all Parties and their attorneys of record, this Agreement and its attached Exhibits shall constitute the entire agreement relating to settlement of the Action, and it shall then be deemed that no oral representations, warranties, or inducements have been made to any party concerning this Agreement or its Exhibits other than the representations, warranties, and covenants expressly stated in this Agreement and its Exhibits. This Agreement fully supersedes all prior and/or contemporaneous agreements or understandings between the Parties, which pertain to the subject matter hereof. The terms of this Agreement may not be contradicted by evidence of any prior or contemporaneous agreement and no extrinsic evidence whatsoever may be introduced to vary its terms in any judicial proceeding involving this Agreement. The only exception shall be modification by this Court, which such modification being set forth fully in the Court's Approval Order.

**Paragraph 18:  Modification**

This Agreement may be modified, but only if the modification is in writing and signed by all parties to this Agreement, and any such modification must be approved by the Court and set forth in a Court Order, in order for the modifications to be effective.

**Paragraph 19: Authority to Sign**

Plaintiffs' Counsel unconditionally warrants and represent that they are authorized by Plaintiffs, for whom they are attorneys of record, and the attorneys of record for Defendants warrant and represent that they are authorized by Defendants to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement to effectuate its terms and to execute any other documents required to effectuate the terms of this Agreement.  The Parties and their counsel shall cooperate with each other and use their best efforts to effect the implementation of this Agreement.

15

**Paragraph 20: Timing**

All time periods set forth herein shall be computed in calendar days unless otherwise expressly provided.  In computing any period of time prescribed or allowed by this Settlement Agreement or by order of the Court, the day of act, event, or default from which the designated period of time begins to run shall not be included.  The last day of the period so computed shall be included, unless it is a Saturday, a Sunday or a legal holiday, or, when the act to be done is the filing of a partner in Court, a day on which weather or other conditions have made the office of the Clerk of the Court inaccessible, in which event the period shall run until the end of the next day that is not one of the observance of the birthday of Martin Luther King, Jr., Presidents' Day, Memorial Day, Independence Day, Labor Day, Columbus Day, Veteran Day, Thanksgiving Day, Christmas Day and any other day appointed as a federal or an Illinois state holiday.

**Paragraph 21: Counterparts**

This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same document.

**Paragraph 22: Representation by Counsel**

All of the Parties acknowledge that they have been represented by competent, experienced counsel throughout this Litigation, as well as during all negotiations, which preceded the execution of this Agreement, and this Agreement is made with the consent and advice of counsel who have jointly prepared this Agreement.

**Paragraph 23: Joint Effort**

The Parties stipulate that this Agreement was prepared by and is the joint effort of the Parties through negotiations. Accordingly, any ambiguity, uncertainty or vagueness in the construction and interpretation of this Agreement shall not be attributed to either Plaintiffs or

16

Defendants, and the theory of construction that a document should be construed against the party drafting the document is waived and will not be applied in construing this Agreement

**Paragraph 24: Interpretation**

This Agreement will be construed as a whole according to its fair meaning, and not strictly for or against any of the parties. Unless the context indicates otherwise, the term "or" will be deemed to include the term "and" and the singular or plural number will be deemed to include the other. Paragraph headings used in this Agreement are intended solely for convenience of reference and will not be used in the interpretation of any of this Agreement.

**Paragraph 25: Review of the Agreement**

Plaintiffs represent that no payments or consideration have been promised for executing or delivering this Agreement other than those described herein, and that the payment and benefit described herein, or as approved by the Court, shall constitute the entire amount of consideration provided to each under the Agreement. Plaintiffs further represent that they are not relying on any representations or promises not contained in this Agreement. The parties acknowledge that they have executed this Agreement after independent investigation and without fraud, duress or undue influence.

**Paragraph 26: Applicable Law**

All terms of this Agreement, and its Exhibits, shall be governed by and interpreted according to the laws of the state of Illinois, without giving effect to any conflict of law principles or choice of law principles.

**Paragraph 27: Headings and Recitals**

17

The Parties intend, and fully incorporate herein, the Recitals as material terms, conditions and provisions of this Agreement. Headings are not intended to be controlling.

**Paragraph 28: Effective Date**

After being executed by the Parties, this Agreement will become effective on the date on which it is approved by the Court.

## SIGNATURES

The undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown.

*For Plaintiffs*

Dated: __11/10/19__          Signed: _____

Brittany Michelle Watt

Dated: _____          Signed: _____

James Kirkpatrick

Dated: _____          Signed: _____

Paul Rowland

Dated: __11/11/19__          Signed: _____

Kathleen C. Chavez
*on behalf of* FOOTE, MIELKE,
CHAVEZ, & O'NEIL, LLC

*For Defendants:* Fox Restaurant Venture, LLC., Fox SC Acquisition, Fox NC Acquisition

Dated: _____          Signed: _____

*On behalf of* Fox Restaurant Venture, LLC.,
Fox SC Acquisition, Fox NC Acquisition

Title: _____

19

# EXHIBIT A

**EXHIBIT A**

**List of Plaintiffs**

| NAME | Defendant Employer |
|---|---|
| Brittney Watt | Fox Restaurant Venture |
| James Kirkpatrick | Fox NC Acquisition |
| Paul Rowland | Fox SC Acquisition |
| Richard Peterson | Fox SC Acquisition |
| Jayson Bodo | Fox Restaurant Venture |
| Samuel Carter | Fox NC Acquisition |
| Greg Hoffman | Fox NC Acquisition |
| Kenton Reives | Fox NC Acquisition |
| Chaqwanda Rosa | Fox NC Acquisition |
| Renae Todd | Fox NC Acquisition |
| Mark Turner | Plaintiff Excluded—never employed by any named Defendant |
| Richard Halloway | Fox NC Acquisition |

# EXHIBIT B

**Foote, Mielke, Chavez & O'Neil, LLC**
## Unbilled Costs by Job
### All Transactions

**12:38 PM**

**10/18/19**

**Accrual Basis**

| Date | Source Name | Memo | Amount |
|------|-------------|------|--------|
| **Watt, Brittany** | | | |
| **v. Fox Restaurant Venture, et al** | | | |
| 05/10/2017 | Fedex | 5/1/17 FedEx to Judge Colin S. Bruce | 22.07 |
| 05/23/2017 | American Express | 4/28/17 Filing Fee | 400.00 |
| 07/12/2017 | Judicial Attorney Services, Inc. | Process Service Fees for all 3 Defendants | 187.55 |
| 05/22/2018 | Judicial Attorney Services, Inc. | Process service fee (Fox Restaurant Venture, LLC) | 125.00 |
| 03/08/2019 | | Postage - 54 notice and consent forms | 35.10 |
| 03/12/2019 | Elizabeth Chavez | Reimbursement for 60 Forever Stamps for return envelopes for notices | 42.00 |
| Total v. Fox Restaurant Venture, et al | | | 811.72 |
| Total Watt, Brittany | | | 811.72 |
| **TOTAL** | | | **811.72** |

# EXHIBIT C

**EXHIBIT C**

(Release of Claims for Inclusion on Distribution Checks)

By presenting this check for payment and/or signing below, I release and discharge [INSERT DEFENDANT NAME] and its current or former subsidiaries, partners, affiliates, predecessors, insurers, agents, partners, employees, successors, assigns, officers, officials, directors shareholders, attorneys, benefit plans, administrators and trustees (collectively the "Released Parties"), of any and all FLSA claims, rights, demands, liabilities and causes of action of every nature and description, whether known or unknown, that I have or may have arising out of or related to the allegations in the lawsuit captioned *Brittany Michelle Wall, James E. Kirkpatrick, Jr., and Paul Rowland, individually and on behalf of all others similarly situated v. Fox Restaurant Venture LLC, et al,* Civil Action No. 17-CV-2104; in the United States District Court for the Central District of Illinois (the "Released Claims"). The Released Claims include all FLSA claims, as well as all claims based upon the same facts, transactions, events, occurrences, acts, disclosures, statements, omissions, or failures to act which were alleged or which could have been alleged in the above referenced lawsuit. The Released Claims include but are not limited to claims for unpaid overtime or other wages due under the FLSA that were brought or could have been brought in the above referenced lawsuit, and all claims for attorneys' fees and/or costs associated with the above referenced lawsuit.