UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

BRITTANY MICHELLE WATT,
et al.,

       **Plaintiffs,**

v.

FOX RESTAURANT VENTURE,
et al.,

       **Defendants.**

Case No. 17-2104

### ORDER

The Seventh Circuit held: "the district judge in the settlement phase of a class action suit [is] a fiduciary of the class, who is subject therefore to the high duty of care that the law requires of fiduciaries." *Reynolds v. Beneficial Nat. Bank*, 288 F.3d 277, 279-80 (7th Cir. 2002) (citations omitted). Additionally, the Seventh Circuit held: "Before [a class action] settlement may be approved, the district court must determine that a class action settlement is fair, adequate, and reasonable, and not a product of collusion." *Reynolds v. Beneficial Nat. Bank*, 288 F.3d 277, 279 (7th Cir. 2002) (citations omitted). The relevant factors in a fairness determination of a class-action settlement include: "(1) the strength of the case for plaintiffs on the merits, balanced against the extent of settlement offer; (2) the complexity, length, and expense of further litigation; (3) the amount of opposition to the settlement; (4) the reaction of members of the class to the settlement; (5) the opinion of competent counsel; and (6) stage of the proceedings and the amount of discovery completed." *Wong v. Accretive Health, Inc.*, 773 F.3d 859, 863 (7th Cir. 2014) (citations omitted). The first factor is the most important factor in a fairness determination. *Id*.

Here, the Court does not have enough information to determine whether the class action settlement is "fair, adequate, and reasonable, and not a product of collusion." *Reynolds*, 288 F.3d at 279. Specifically, Plaintiffs' Counsel did not: (1) identify and explain the disputed legal and

factual issues with accompanying legal citations; (2) provide relevant information about the size of each Plaintiff's claim; or (3) provide the Plaintiffs' reaction to the class settlement. *See* (Motion to Approve Settlement #39, 4-5); (Settlement Contact Information #42, p. 1-2); (Amended Complaint #18, p. 2); (Proposed Settlement Agreement #39-1, p. 10).

## CONCLUSION

First, the Court is sufficiently aware of the disputed legal and factual issues involved in this case, so the parties need not provide additional information relating to that.[1] Second, the Court orders Plaintiffs' Counsel to provide information about *the size* of each Plaintiff's claim and the extent to which it was compromised. Specifically, the Court wants to know the amount claimed by each Plaintiff compared to the settlement amount for each (if the claim amount is disputed by the Parties, include each Plaintiff's pay rate, the number of hours each employee worked per week, and the length of time each Plaintiff worked as an Assistant Store Manager for Defendant). (Settlement Contact Information #42, p. 1-2) (omitting the Plaintiffs' pay rate, period of employment, and the number of hours each employee worked per week); (Amended Complaint #18, p. 2, p. 4) (providing limited employment information for three Plaintiffs); (Proposed Settlement Agreement #39-1, p. 10) (omitting a detailed description of how the settlement was divided amongst the class); (Motion to Approve Settlement #39, 4-5). Third, the Court orders Plaintiffs' Counsel to explain the Plaintiffs' reaction to the settlement, and specifically whether any Plaintiff objects to the proposed agreement. Plaintiffs' Counsel shall submit their response by January 17, 2020.

ENTERED this 10th day of January, 2020.

s/ERIC I. LONG  
UNITED STATES MAGISTRATE JUDGE

---

[1] However, the parties may disagree on the number of hours each Plaintiff worked per week as an Assistant Store Manager. If so, details relating to that factual dispute should be noted and included. 29 C.F.R. § 541.3; (Motion to Approve Settlement #39, 4-5).