E-FILED
Friday, 13 March, 2020  03:29:07 PM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

| | | |
|---|---|---|
| **BRITTANY MICHELLE WATT, et al.,** | ) | |
| | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 17-cv-02104** |
| | ) | |
| **FOX RESTAURANT VENTURE, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

**SUE E. MYERSCOUGH, U.S. District Judge:**

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge Eric I. Long (d/e 47).  Magistrate Judge Long recommends that this Court grant the parties' Joint Motion to Approve FLSA Settlement (d/e 41).  No timely objections to the Report and Recommendation have been made.

When a magistrate judge proposes factual findings and recommendations, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  The district court may

also receive further evidence or recommit the matter to the magistrate judge with instructions.  <u>Id.</u>  The district court reviews de novo any part of a magistrate judge's report and recommendation to which a specific written objection has been made.  Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).  "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error."  <u>Johnson v. Zema Sys. Corp.</u>, 170 F.3d 734, 739 (7th Cir. 1999).  Under the clear error standard, the district court can overrule a magistrate judge only if the district court "is left with the definite and firm conviction that a mistake has been made."  <u>Weeks v. Samsung Heavy Indus. Co.</u>, 126 F.3d 926, 943 (7th Cir. 1997).

Having thoroughly reviewed Magistrate Judge Long's Report and Recommendation, the Court finds no clear error with respect Judge Long's recommendation that the parties' Joint Motion to Approve FLSA Settlement be granted.  However, the Court notes a miscalculation in the Report and Recommendation to avoid potential confusion.  The Report and Recommendation states that the breakdown of the proposed total settlement amount, $62,500, is as follows: "$43,999.29 for Plaintiffs, $16,188.99 for Plaintiffs'

attorneys, and approximately $2,311.72 in costs." Report and Recommendation (d/e 47), at 6. However, the Court's review of the parties' proposed Settlement Agreement (d/e 39-1 and d/e 42) leads the Court to conclude that the $62,500 is actually to be paid as follows: $45,499.29 for Plaintiffs, including $1,500 paid in equal amounts ($500) to the three Representative Plaintiffs (Brittany Watt, James Kirkpatrick, and Paul Rowland); $16,188.99 for Plaintiffs' attorneys; and $811.72 in costs.

It is, therefore, ORDERED:

**(1)   The Report and Recommendation of United States Magistrate Judge Eric I. Long (d/e 47) is ACCEPTED.**

**(2)   The parties' Joint Motion to Approve FLSA Settlement (d/e 41) is GRANTED.**

**(3)   The parties' proposed Settlement Agreement (d/e 39-1 and d/e 42) is APPROVED.**

**(4)   THIS CASE IS CLOSED.**

ENTER:  March 9, 2020

/s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE